ELIZABETH TIERNAN, APPELLANT, v. CHRISTOPHER
TIERNAN, APPELLEE.

FILED DECEMBER 4, 1924. No. 22925.

1. Judgment: BAR. Since a decree for separate maintenance does not sever the bonds of matrimony, the fact that a plaintiff has obtained such decree does not constitute a bar to the maintenance thereafter of a suit by her for an absolute divorce.

2. Divorce: ALIMONY. In such an action for an absolute divorce and alimony, the court is entitled to take into consideration any allowance for the support of plaintiff theretofore made in the decree for separate maintenance, and has power to modify and set aside such allowance upon rendering a decree for permanent alimony.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. Affirmed as modified.

C. J. Campbell and Harry R. Ankeny, for appellant.

Stewart, Perry & Stewart and Robert Van Pelt, contra.

Heard before MORRISSEY, C. J., LETTON, DEAN, GOOD and THOMPSON, JJ.

PER CURIAM.

In 1920 plaintiff began an action against her husband, the defendant, upon three causes of action; one for separate maintenance on the ground of extreme cruelty, the others to construe the provisions of an antenuptial contract and for

an accounting for rents and profits by him collected from the property mentioned in the contract, the income from which she contended belonged to her. The defendant denied the alleged cruelty, charged her with the same offense, and prayed for an absolute divorce. The court found that plaintiff was entitled to recover the sum of $125 a month as separate maintenance; that defendant was not entitled to a divorce, and that, under the antenuptial contract, plaintiff was not entitled to the possession or income from said real estate until after the death of defendant. It also found that the provision of the antenuptial contract, "which attempts to deprive plaintiff of the right of maintenance and support, and alimony, from the defendant, tends to facilitate separation and divorce and is against public policy, illegal and void, and that the same has never been held by decree of court to be a binding and valid provision of said contract." Defendant took no appeal. The judgment of the district court was affirmed on January 26, 1922. *Tiernan v. Tiernan*, 107 Neb. 563.

In 1922 plaintiff filed a petition asking for an absolute divorce from defendant on the ground of extreme cruelty. Plaintiff also tendered to defendant a quitclaim deed to the real estate described in the antenuptial contract, alleging that her interest therein was valueless. The charges of cruelty were denied, the decree in *Tiernan v. Tiernan, supra,* was pleaded in bar of the claim for alimony, and the validity of the antenuptial contract was said to be *res judicata.* The district court found that plaintiff was entitled to an absolute divorce; that no increase in the amount of award for separate support was required or necessary; that the contract barred her from any interest in the property except as provided therein, and that she is not entitled to any alimony.

It was decided in *Tiernan v. Tiernan, supra,* that the antenuptial contract, in so far as it attempts to deprive plaintiff of the right to maintenance, support and alimony from the defendant in case of his misconduct, is against public policy, illegal and void. This being the case, the

only question here is whether the court erred in refusing to award plaintiff any alimony in addition to the $125 a month formerly adjudged to be paid to her under the decree for separate maintenance. The evidence shows that the property mentioned in the antenuptial contract consists of a business lot in the city of Lincoln, upon which a frail and unsubstantial building has been erected. Under the contract the plaintiff has the right to the possession of the real estate and the rents and profits arising therefrom only in the event she survives her husband, and this right continues only so long as she remains unmarried. Defendant retains entire control over his property during his life. If the rental value of the property should be impaired by the destruction of the building by fire or other means, there is no provision in the contract whereby it must be restored at the cost of the defendant or his estate. The value of plaintiff's interest is so remote, contingent and unsubstantial we think it is of little avail as a credit for defendant upon alimony. The estate of defendant is of the value of from $250,000 to $260,000. The evidence shows that plaintiff did not assist in the accumulation of any of this property. Through the wrongful conduct of the defendant the object and purpose of the marriage was defeated. Plaintiff is entitled to a fair proportion of the property of defendant in order to provide for her support and maintenance in accordance with her station in life and defendant's means.

The court has come to the conclusion to set aside the allowance of $125 a month and to award as alimony the sum of $40,000, to be paid in annual instalments of $8,000 for five years, the first instalment to be paid upon the final determination of this case, and the deferred payments to draw interest at the rate of 6 per cent. per annum, defendant to have the right to pay the whole sum at any time. Plaintiff to have no right, title or interest whatsoever, other than the lien of this decree, in any of the property of the defendant. The decree of divorce is affirmed,

and the decree as to alimony is modified in accordance with this opinion.

AFFIRMED AS MODIFIED.

Note—See Divorce, 19 C. J. sec. 578 (1926 Ann.) ; Husband and Wife, 30 C. J. secs. 915, 914 (1926 Ann.).