ROSE S. TREMARCO, appellant,

*v.*

MARTY TREMARCO, respondent.

[Submitted May 25th, 1934.   Decided September 27th, 1934.]

*Mr. Samuel Kalisch,* for the appellant.

The opinion of the court was delivered by

LLOYD, J.

The petition for divorce in this case was based on the ground of desertion, the desertion occurring in the month of July, 1929, and continuing thence up to the time of filing of the petition in July, 1933. Neither appearance nor answer was filed and the case proceeded *ex parte* before an advisory master who recommended dismissal of the petition on the ground that a decree of separation from bed and board had been previously granted to the petitioner in the State of New York. A decree of dismissal followed and the petitioner appeals.

We think this decree was wrong and that the authorities relied on for affirmance are inapplicable to the present situation. At the time the petition was filed in the New York court a full two years of desertion had accrued, but under the law of that state the limit of right on the part of the injured party was divorce *a mensa et thoro*. Her suit for partial divorce was not only the sole relief then available to the petitioner in New York, but it appears from the proofs in the case that she then believed her husband to be a resident of that state.

It is claimed that the action in New York constituted an election of remedies and that the appellant was precluded from thereafter pursuing further litigation. This we think is not so, and even if otherwise, it is doubtful if it would apply to one ignorant of the true facts as to the husband's residence. The rule of election of remedies is that one cannot approbate and reprobate. He cannot treat his rights upon one

theory of right and thereafter seek a remedy inconsistent with such prior proceeding. This principle is elucidated in the case of *Claron* v. *Thommessen, 96 N. J. Eq. 650,* and also in the earlier case of *Titus* v. *Phillips, 18 N. J. Eq. 541.* See, also, *20 Corp. Jur. 3.* The doctrine is not applicable in the present case for the reason that the remedy here sought by the appellant is not inconsistent with the earlier case, but for the further relief which the courts of this state alone could give.

As to the cases relied on by the master. In *Kyle* v. *Kyle, 52 N. J. Eq. 710,* it was held that a decree *a mensa* in New York based on the ground of desertion and such decree entered within two years from the date of the separation, precluded a divorce on a like ground in this state, not, however, on the theory of estoppel, but for the reason that the proceedings instituted in New York arrested the running of the period of desertion, and at the time of the institution of the action in that state the complete remedy for divorce in this state did not exist. In *Lake* v. *Lake, 80 N. J. Eq. 350,* substantially the same state of facts existed except that the New York proceedings had not then ripened into a decree. In *Reibesehl* v. *Reibesehl, 106 N. J. Eq. 32,* it appeared that a suit had been begun in New York by the wife for support on the ground of desertion. This resulted in a decree in accordance with the prayer of the petitioner. Subsequently the husband brought an action for divorce in this state, likewise on the ground of desertion. The master to whom the case was referred held that the question of desertion was *res judicata;* that the court of New York having granted the wife a decree based upon desertion, that question could not be again litigated between the parties in a subsequent action at the suit of the husband, and recommended dismissal of the petition on that ground. The late chancellor, however, applied the reasoning of the two cases cited of *Kyle* v. *Kyle, supra,* and *Lake* v. *Lake, supra,* and held that although the earlier case in New York was not *res judicata* of the fact of desertion, the decision therein was nevertheless the law of the case and, therefore, decisive, and decreed the dismissal on this latter

ground. The conclusion of the master in that case we think was sound and the petition properly dismissed, not on the ground of an election, however, but on the ground that the case was *res judicata* of the question involved by reason of the New York decree.

The master in the court below seems to have held the view in the present case that desertion must not only be a continuing one up to the time of filing the petition in this state, but that the right to divorce must rest, in part at least, on the period immediately preceding the suit, and reliance was placed by him on the case of *Myles* v. *Myles, 77 N. J. Eq. 265.* While such an interpretation of the opinion in that case might be justified, that opinion has been clarified to the contrary in the more recent case of *McGovern* v. *McGovern, 111 N. J. Eq. 18,* and the law is that as a result of any two years of desertion the relation between the parties may be treated as at an end at the insistence of the person injured, and, as stated by the late Chief-Justice Gummere in the case of *Gordon* v. *Gordon, 90 N. J. Eq. 535,* "when the two years period has once elapsed the desertion becomes permanently established, and its character continues until the filing of the petition, unless it is sooner brought to an end by the act of the injured husband or wife. * * * If he or she persists * * * in the desertion for the full period of two years the right to return has gone, the hour of repentence has passed, the benefit given by the statute to the spouse offended against becomes vested, and he or she can never therafter be deprived of that benefit—of his or her right to a divorce—except by his or her own act."

When the New York action was begun the full two years had expired and the wife had a remedy in this state for an absolute divorce, but of this remedy she was ignorant because supposing her husband still resident in New York. Being ignorant of the residence of her husband in this state, she sought the only relief available under the law of New York in that state and obtained the decree of separation already set out. It is said in *20 Corp. Jur. 35,* that "in order to constitute a binding election the party must at the time the elec-

tion was alleged to have been made have had knowledge of the facts from which the co-existent, inconsistent, remedial rights arose; since any position taken by a party before knowing all the facts should be classed as a mistake and not as an election," and the application of the rule of estoppel in the present case might well be denied on this ground. We prefer, however, to put it upon the fundamental ground that the action in New York, disregarding the knowledge or want of knowledge of the true facts on the part of the wife, did not constitute an election, inasmuch as the two actions are not inconsistent, one with the other, but that the action in this state is for the further relief based upon the same ground as that presented in the New York courts and which incidentally the courts of that state were unable to give.

The judgment is reversed with direction to enter a decree granting the petition for divorce.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.