Cuma PROUGH, Respondent,

v.

William Leslie PROUGH, Appellant.

No. 22651.

Kansas City Court of Appeals.
Missouri.

Dec. 2, 1957.

L. F. Cottey, Lancaster, for appellant.

H. Parker York, Kirksville, for respondent.

MAUGHMER, Commissioner.

Defendant appeals from a judgment granting a divorce to his wife without alimony. Plaintiff filed her petition and defendant his answer. Thereupon plaintiff filed a motion for judgment on the pleadings. No testimony was heard and no evidence was presented. The court sustained the motion and entered the decree of divorce.

Plaintiff's petition, duly verified and filed August 18, 1956, alleged: (1) Lawful marriage with defendant on November 11, 1932 in Missouri, (2) compliance on her part with the marriage contract until, (3) December 22, 1946, when defendant "without just cause or provocation abandoned and deserted plaintiff", * * * and from that date and extending continuously for over the period of one year failed to live with and cohabit with the plaintiff", (4) residence in Missouri for more than one year, and prayer for absolute divorce.

Defendant, by his answer, admitted the marriage and residence, as alleged, but denied all other allegations. However, in Paragraph 2 of that answer and beginning —"Further answering", defendant averred that plaintiff, on April 3, 1951, commenced and prosecuted to final judgment against him on June 1, 1951, a suit for separate maintenance, which was based upon the same grounds as the present suit, namely, statutory desertion, commencing December 22, 1946. Defendant then pleaded that thereby plaintiff "made a valid and binding election of remedies" and that plaintiff is estopped in this proceeding from asserting any grounds for divorce that were known to her on April 3, 1951, when she filed the separate maintenance suit. Thereupon, plaintiff filed her motion for judgment on the pleadings, wherein she admitted the facts as alleged by defendant in his answer, asserted that defendant's guilt of statutory desertion had become res judicata by reason of the separate maintenance judgment, and prayed for a decree of divorce under the pleadings. This motion was sustained, the divorce granted and this appeal perfected. On page 6 of his brief, defendant states: "Appellant-husband deserted respondent-wife on the 22nd day of December, 1946 and has continuously persisted in that desertion".

█ In our early law divorce actions were in two separate divisions. One was divorce *a vinculo matrimonii,* i. e. absolute divorce. The second divorce was *a mensa et thoro,* i. e. divorce from bed and board. These are now substantially indivisible portions of the one action for divorce, and it has been uniformly held in this state that a wife cannot recover in a separate maintenance suit unless she makes such proof as would entitle her to a divorce if she were seeking that relief. Ellis v. Ellis, Mo., 263 S.W.2d 849; Price v. Price, Mo. App., 281 S.W.2d 307, 309, and State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31.

█ Both parties assert and we agree that the final judgment entered in the suit for separate maintenance on June 1, 1951, was res judicata and conclusive, respecting all grounds for separate maintenance or for divorce then known to either party. Dallas v. Dallas, Mo.App., 233 S.W.2d 738; Ackley v. Ackley, Mo.App., 257 S.W.2d 404, and Price v. Price, supra, 281 S.W.2d loc. cit. 309. Admittedly, the finding in that suit was that on June 1, 1951, plaintiff was entitled to a judgment for separate maintenance and that defendant had been and was guilty of abandonment and desertion since December 22, 1946. This proof would have entitled her to a divorce if she had sought that remedy. Plaintiff contends that such adjudicated proof as of June 1, 1951, and admitted by defendant, entitles her in the suit brought in 1956 to an absolute divorce. Defendant says that plaintiff elected to take the remedy of separate

maintenance rather than divorce, and that she is estopped from coming into court at some later date and securing the additional remedy or relief of an absolute divorce, based upon identically the same grounds.

We have examined some Missouri cases which approach, but have found none which precisely reach, our particular case. In Meyer v. Meyer, Mo.App., 236 S.W. 382, the parties were married June 1, 1899, and separated June 24, 1918. On November 20, 1918, the wife filed suit for separate maintenance and prevailed. On December 11, 1919, she filed suit for divorce, alleging that she had sought reconciliation, but her husband refused, and that he was, therefore, guilty of statutory desertion. The appellate court affirmed a decree of divorce for her and held (1) the issues involved in the separate maintenance suit were res judicata, and (2) the statutory desertion on which she was granted a divorce arose after the separate maintenance judgment. In Brady v. Brady, Mo.App., 71 S.W.2d 42, the plaintiff-wife, in 1921, brought a suit for separate maintenance. She prevailed in the trial court, but lost on appeal, and the appellate court urged reconciliation. In 1929, she filed a suit for divorce. The trial court gave defendant the divorce, finding that plaintiff had dictated unreasonable conditions as a basis for reconciliation and, therefore, was guilty of desertion. On appeal the judgment was affirmed, the court specifically ruling that evidence as to matters occurring before the trial date of the separate maintenance action were res judicata. It will be noted that in both of these cases the divorce was based on causes which the court found arose after the judgment in the separate maintenance suit.

In Dallas v. Dallas, Mo.App., 233 S.W.2d 738, the parties separated in July, 1943, and the wife secured her judgment for separate maintenance on October 29, 1943. On November 30, 1948, the husband filed suit for divorce, alleging general indignities and desertion. The trial court granted a divorce to the husband. On appeal there

was a reversal, the court holding (1) that the husband's evidence did not prove indignities and (2) the judgment of October, 1943, was res judicata on the question of desertion.

In Ackley v. Ackley, Mo.App., 257 S.W. 2d 404, where the wife, in 1951, lost her suit for separate maintenance based upon indignities and abandonment, the trial court held in a suit by her for divorce in 1952, that the matters were res judicata and dismissed her petition. The appellate court affirmed. We observe that in these last two cases, the losing party in the separate maintenance suit was denied a divorce later on where it was based upon the same grounds which had been ruled adversely to him or her in the separate maintenance suit.

The defendant cites Hofman v. Hofman, 108 N.J.Eq. 161, 154 A. 518. In that case the wife secured a judgment for separate maintenance based upon alleged abandonment and desertion, which at that time were not grounds for absolute divorce in New Jersey. Thereafter, by statute, abandonment and desertion for two years became a ground for divorce in New Jersey. The wife then sued for and the court granted a divorce, holding that there had been no election of remedies since she could not have secured a divorce at the time of her suit for separate maintenance. In the opinion, however, the court went on to say that if at the time of the institution of the first suit the petitioner had a right to absolute divorce but chose to institute a suit for separate maintenance, the doctrine of election of remedies would apply and such petitioner should not thereafter be granted a decree for absolute divorce. This last expression was not necessary to a determination of that case and is obiter dicta.

However, in the later case of Tremarco v. Tremarco, 117 N.J.Eq. 50, 174 A. 898, 899, 95 A.L.R. 231, that New Jersey Court clearly indicated an opposite view. "We prefer, however, to put it upon the *funda-*

*mental* ground that the action in New York, disregarding the knowledge or want of knowledge of the true facts on the part of the wife, *did not constitute an election, inasmuch as the two actions are not inconsistent,* one with the other, but that the action in this state is for the *further relief* based upon the same ground as that presented in the New York courts and which *incidentally* the courts of that state were unable to give". (Italics ours.)

Defendant frankly concedes his inability to find a Missouri case where the facts fit our case; that is, where the prevailing party in a separate maintenance action later sought a divorce upon the same grounds. We have found no Missouri case either permitting or forbidding it. Possibly no such cases are reported for the reason that in most instances the husband-loser in the suit for separate maintenance, —is content, if not highly pleased, to exchange that status for absolute divorce.

Defendant asserts that plaintiff is forever bound and precluded by her election of remedies. He cites cases on this proposition, but these are purely law cases where claimant elected to sue on a bond, or elected to abandon the contract and sue on quantum meruit. These are all cases involving a terminated contract. True, marriage is a contract, but that contract is not finally terminated by a judgment for separate maintenance.

In 18 Am.Jur., Election of Remedies, page 129, we find this statement: "It has been said that the rule is a harsh one which should not be lightly enforced, that its scope should not be extended, and that for obvious reasons, it has never been a favorite of equity", and on page 137: "Applying these, it is held that a remedy is not inconsistent where it merely seeks further relief which the court may grant consistent with that already given. * * * Thus, remedies are merely cumulative and not inconsistent where the party in the one expresses, upon the record, reliance upon the same facts upon which he relies in the other". The footnote cites us to Tremarco v. Tremarco, supra.

In 95 A.L.R. 234, we find an annotation "Divorce a vinculo for desertion predicated upon conduct prior to decree of separation". Therein these cases are discussed: Evans v. Evans, 43 Minn. 31, 44 N.W. 524, 7 L.R.A. 448, where the court held that a decree a mensa et thoro does not bar an action for divorce based upon habitual drunkenness, it appearing that the drunkenness existed subsequent to the earlier decree. In Tiernan v. Tiernan, 112 Neb. 707, 201 N.W. 145, the syllabus by the court reads: "Since a decree for separate maintenance does not sever the bonds of matrimony, the fact that a plaintiff has obtained such decree does not constitute a bar to the maintenance thereafter of a suit by her for an absolute divorce".

In Driver v. Driver, 24 Pa.Dist. 250, the court cites "as the only case found directly upon the point, Geils v. Geils (1852) 1 Macq.H.L.Cases (Eng.) 255, in which a wife, after obtaining by cross action a divorce a mensa et thoro in England, brought an action in Scotland, which was the matrimonial domicil, against her husband for a divorce a vinculo matrimonii, *founded on the same acts of adultery* which had formed the basis of the decree previously entered in England, and was granted the relief sought, it being held that the English decree was not a bar to the Scottish suit. Lord St. Leonards is quoted as saying: '*She might have gone to Scotland and obtained, in the first instance, the lesser remedy of a divorce a mensa et thoro, and afterwards maintained a suit for an absolute dissolution of the tie of marriage. It was said at the bar, in the course of the argument, that the latter remedy could not be resorted to, unless for a subsequent crime*; but no authority was quoted for that restriction, and *I take it to be clear that it is not the law of Scotland.* Of course, subsequent crime might and would entitle the aggrieved party to the remedy; *but without any fresh delinquency, it would, I conceive, be effective'* * * *

*But here, the ground upon which, I think, in concurrence with my noble and learned friend, that this is no bar, is that the two remedies are collateral—they are directed to distinct objects and have totally different effects;* and, therefore, the circumstances of this lady pursuing a remedy for the purpose of obtaining protection against being compelled to cohabit with her husband, either during a given time or an indefinite time, *is quite consistent* with the proceedings which she afterwards instituted to dissolve the marriage. The two things may well stand together". (Italics supplied.)

We quote from two other cases. The Supreme Court of Nebraska in Yost v. Yost, 143 Neb. 80, 8 N.W.2d 686, 689, said: "this divorce from bed and board is in the nature of a limited or conditional decree, leaving the status of the parties unchanged in many respects, but relieving both parties from all obligations and rights as to cohabitation".

The Supreme Court of Florida en banc, Anders v. Anders, 153 Fla. 54, 13 So.2d 603, 604, makes this statement: "Once the statutory ground for divorce because of desertion has occurred, the right to divorce becomes vested and it cannot be taken [away] from the injured party except by his own act. 27 C.J.S. Divorce § 37, p. 571; Tremarco v. Tremarco, 117 N.J.Eq. 50, 174 A. 898, 95 A.L.R. 231; McKay v. McKay, 172 Ark. 918, 290 S.W. 951".

The examined authorities make it clear a divorce *a mensa et thoro* (a) restricts and limits but does not destroy the marriage relationship; (b) does not preclude later divorce, on other grounds which thereafter occur, or for the same cause if its continuity is first broken by a reconciliation or even if proper offers of reconciliation are made, or if the cause was not one for which divorce was an authorized relief in the forum granting the separation. The opinion of our Scottish Lord in Geils v. Geils, supra, squarely authorizes the divorce in our particular case, while the reasoning and statements of fundamental principles by the Supreme Court of Nebraska likewise approve.

In the very nature of events, where, as here, the husband deserted the wife, then under the law as defendant says it is, unless either or both sought reconciliation, likely the parties would have no further association out of which new grounds for divorce might arise. In such a situation the husband could never secure a divorce since he was the guilty party. If the wife's action amounted to a full, final and complete election of remedies, or if she was estopped as defendant contends, then she could never secure a divorce. In such a situation the bonds forged by the judgment for separate maintenance would be far stronger and more enduring than those attached by the marriage ceremony itself. If the husband in our particular case came home and the parties were reconciled for some period, however short, and the husband again deserted, that would clearly give rise to a new cause of action. And if it continued for one whole year, would give the wife a cause of action for divorce. Should her rights be less when, as here, the solemnly decreed and admitted desertion has continued for more than 10 years?

■ Abandonment without just cause is the gravamen of the offense here. Such abandonment, when continued for one whole year, becomes statutory desertion in Missouri and is sufficient cause for divorce. On June 1, 1951, a court of competent jurisdiction decreed that defendant had been since December 22, 1946, guilty of such wife desertion. In the present proceeding he admits its continuance until 1956, when this cause was tried.

Our Missouri Legislature, without limitation, has declared that desertion for one whole year shall be ground for divorce. Defendant asks us to hold that desertion for 10 years is not ground for divorce if during that period the wife went into court, proved the desertion and secured a judgment for support, maintenance and separation.

 It is sounder reasoning, we think, to conclude that if the wrong committed is ground for both legal separation and divorce, the procurement of the first affords only partial relief, while granting of the second amounts to exaction of the full and complete remedy and that where the ground for divorce (statutory desertion) has once occurred, the injured party has a vested right to the remedy of divorce which she can lose through her own acts of forgiveness or reconciliation but certainly not by legally establishing her mate's guilt and securing judgment for support, maintenance and separation.

We dislike to approve a divorce decree granted without hearing any evidence and without developing the facts up to the time of trial. A divorce granted on the pleadings alone arouses suspicion of collusion. However, it seems apparent that these parties are not acting in collusion. The proof offered below by the pleadings really only establishes desertion until June 1, 1951, the date of the separate maintenance judgment. However, defendant, in his brief, admits that the desertion "has persisted continuously since December 22, 1946." We mention the fact, too, that nowhere in this proceeding has the defendant leveled any charge whatsoever against his wife. We believe that an action for absolute divorce filed in 1956 on the ground of statutory desertion, which desertion had its inception in 1946 and has continued uninterruptedly ever since, is not inconsistent with a suit and judgment for separate maintenance, filed and secured in 1951 on the same ground, but is rather an action for further relief and the petitioner is not estopped to assert such desertion and obtain additional relief by reason of it in the second action.

It is our opinion that plaintiff is entitled to a decree of absolute divorce, and that it would serve no useful purpose to remand this case for further litigation. The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.