George C. ABRIGHT, Plaintiff-Appellant,

v.

Mary Jeanne ABRIGHT, Defendant-Respondent.

No. 33564.

St. Louis Court of Appeals, Missouri.

May 26, 1970.

Rendlen & Rendlen, Clifford H. Ahrens, Hannibal, for plaintiff-appellant.

William B. Spaun, Hannibal, for defendant-respondent.

BRADY, Judge.

When the parties were divorced defendant was granted the general care and custody of their daughter and awarded the sum of $75.00 monthly as support and maintenance for that child. The decree was issued in July of 1965. In September of 1967 plaintiff filed a motion to modify that decree alleging that he had paid the first payment of support ($75.00 monthly) due on August 1, 1965; that on September 1, 1965 the child moved from defendant's home to plaintiff's where she stayed until August 1, 1967, when she was married; that while with plaintiff, as he in effect alleged, he provided full and complete support and maintenance for the child; and that this was with defendant's knowledge, acquiescence, and consent. Accompanying and filed as part of the same case as the motion was a petition containing the same matter as the motion plus allegations plaintiff "is informed and believes that the defendant is now asserting" she has not been paid all support for the child due her, that plaintiff will "suffer irreparable damage if defendant is permitted to collect or attempt to collect" such money she alleges due her, and that plaintiff has no remedy at law and the injury he would suffer "is not susceptible of compensation in damages." The prayer was that defendant, or anyone claiming "by, through or under her" be enjoined from collecting or attempting to collect by execution or otherwise any money defendant claimed due her for the support and maintenance of the child.

Defendant filed a motion to dismiss both the motion to modify and the petition for injunctive relief. The grounds set forth to sustain dismissal were failure to state a cause of action upon which relief could be granted and lack of jurisdiction. In December, 1967, defendant caused a general execution to be issued, returnable in February of 1968, alleging she was due $1,600.00 for child support. Plaintiff countered with a motion to quash that execution based upon the same grounds as stated in his motion to modify and petition for injunctive relief.

The trial court sustained the motion to dismiss plaintiff's motion to modify on May 8, 1968, and on that same day denied the motion to dismiss the petition for injunctive relief. Defendant then filed her answer to that petition in the form of a general denial and also advanced the contentions plaintiff has an adequate remedy at law, was guilty of laches, and that the petition fails to set forth facts upon which relief can be granted. In June of 1968 the trial began but before plaintiff could offer any evidence defendant again moved for dismissal and trial was suspended while the court took the matter under advisement. A fair reading of the transcript indicates this motion was a renewal of that previously made and based upon the same grounds. On April 29, 1969 the trial court entered its order reading: "Motion to dismiss having been previously taken under advisement is now ordered granted. Plaintiff's petition is ordered dismissed at plaintiff's costs." The notice of appeal reads that plaintiff appeals " * * * from the Order Dismissing Plaintiff's Action entered in this action on the 29th day of April, 1969."

It is first necessary we determine the issues properly before this court for decision. There is no issue raised in this case as to the propriety of the plaintiff's action in filing his motion to modify and petition for injunctive relief in the same case; indeed in the same document. Due to that fact the situation is analogous to a petition containing more than one count. All issues thus presented must be disposed of before the judgment may be held to be final and an appeal lies only from a final judgment. All issues involved in this pleading to which no claim of misjoinder is raised were not disposed of until April 29, 1969. The appeal properly presents the issue as to the validity of the trial court's ruling in May of 1969 dismissing the motion to modify.

Authority to modify must be found in the statutes or it does not exist. There

is nothing in that act which expressly or impliedly confers any power upon a trial court to retroactively modify an award. It has been squarely so held. Hughes v. Wagner, Mo.App., 303 S.W.2d 181, l. c. 184; Gordon v. Ary, Mo.App., 358 S.W.2d 81, l. c. 84. We believe the rule of those cases to be sound. We rule the trial court properly dismissed that portion of plaintiff's pleading.

The other issue presented is as to the trial court's ruling dismissing the second portion of plaintiff's pleading; i. e., the request for injunctive relief. Plaintiff's brief on this point consists of a chamber of horrors argument concerning possible actions defendant might take to harass plaintiff. We need not rule upon those contentions for none of them are shown by this transcript to be here involved. Neither do we wish to issue any advisory opinion at this time as to any other of the speculative situations plaintiff's able counsel suggests. All that is here involved is an attempt to enjoin an execution. This court ruled that matter on remarkably similar facts in State ex rel. Mathas v. Brackman, Mo.App., 243 S.W.2d 793. Therein we held that a motion to dismiss a petition for injunctive relief should be sustained for the reason the defendant husband in that case (who occupies the same position as the plaintiff husband in this appeal) had a full and complete and adequate remedy at law; i. e., a motion to quash—a matter still pending in the instant case—to set aside or to stay the execution of the alimony judgment under the provisions of §§ 513.-360, 513.365, RSMo, V.A.M.S. State ex rel. Mathas v. Brackman, supra, prescribes the procedure for injunctive relief in the event there is an attempt to reach or otherwise impair plaintiff's title to his real estate, one of the speculations in which plaintiff in the instant appeal indulges.

The judgment is affirmed.

WOLFE, P. J., and DOWD, J., concur.