FRANK R. KREJCI, APPELLEE, v. JUDITH K. KREJCI, APPELLANT.

217 N. W. 2d 470

Filed April 25, 1974. No. 39218.

David Herzog, for appellant.

J. William Gallup, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and WHITE, District Judge.

SPENCER, J.

This is a divorce action. The appellee, Frank R. Krejci, prayed for dissolution of the marriage, and requested a finding that appellant, Judith K. Krejci, was entitled to no alimony by reason of an antenuptial agreement entered into on March 29, 1969.

The parties were married on April 2, 1969. The petition for dissolution of the marriage was filed by appellee on June 19, 1972. At the time of the hearing, Judith was 37 years of age and Frank was 47. The marriage was a second for Judith and a third for Frank. Both parties had children from prior marriages and there were no children from this marriage.

Both parties affirmed that the marriage was irretrievably broken and the court so found. The evidence offered by the parties indicates that Judith had little personal property and no real estate at the time of the marriage. Frank, on the other hand, was possessed of interests in real estate and personal property of an indicated value in excess of $1,000,000. The evidence indicated that Judith had worked for Frank in his real estate business prior to the marriage, and had access to his books and records. The parties had cohabited together during the 2 years preceding the marriage. Judith had indicated to Frank that she would discontinue the relationship unless the parties were married. He agreed to marriage if she would sign an agreement relinquishing all rights to his property.

On March 28, 1969, Judith accompanied Frank to the office of Venteicher and Hunter, attorneys for Frank.

There she was handed an antenuptial agreement and told in effect that she must sign it or there would be no marriage. The antenuptial agreement presented to her essentially provided that neither Judith nor Frank would acquire any interest in the other's property then owned by either party, and that neither would be permitted to take either by inheritance, by intestate succession, or by exercising an election not to take under a will, except that it was provided Judith would receive $10,000 to be a claim against the estate of Frank.

The attorneys, Venteicher and Hunter, explained the terms and provisions of the antenuptial agreement to Judith. She was urged to obtain an attorney. She did not do so. She took the agreement home and on the next day, March 29th, returned to the office of Venteicher and Hunter, and signed the agreement. The parties then left for Acapulco, Mexico, and were married on April 2, 1969.

The trial court, after hearing the testimony, found: "That the parties entered into an antenuptial agreement prior to marriage, and that it was the intention of the parties, as evidenced by said agreement and the testimony adduced in Court, that respondent (Judith) was not to acquire any interest in the real and personal property of the petitioner acquired either prior to or subsequent to the marriage, but was to receive only support for herself and ten thousand dollars in cash ($10,000) in the event she survived petitioner as his lawful widow; it was further understood that petitioner would acquire no interest in any real or personal property acquired by respondent prior or subsequent to the marriage.

"That respondent should receive nothing from petitioner by virtue of the marriage and should retain only those personal belongings which were hers prior to the marriage or were acquired by her subsequent to the marriage with her own funds or as gifts from petitioner."

It is to. be noted the antenuptial agreement herein was totally silent on the subject of division of property in the event of a dissolution of marriage or separation. Counsel for Frank testified this was intentional and he informed the parties that such provision might well be void as against public policy. See Tiernan v. Tiernan (1924), 112 Neb. 707, 201 N. W. 145. In any event, the parties themselves concluded the agreement did not cover divorce or separation.

The court, in effect, considered the antenuptial agreement as controlling and allowed no alimony to the appellant. In White v. White (1924), 112 Neb. 850, 201 N. W. 662, we said that an antenuptial agreement cannot absolutely limit the amount of an award of alimony to the wife upon divorce obtained by the husband for the wife's fault, although it should be considered by the court with other evidence on that point.

A complete and full financial statement was attached to the antenuptial agreement. This statement disclosed the nature and type of the property owned by Frank, its appraised value, the amount of indebtedness thereon, and his net worth. Judith had been his secretary, had access to his records, understood what she was signing, and had the instrument explained to her at the time she was first asked to sign. Judith was urged to obtain an attorney. She did not do so. She took the agreement home, presumably to consult with someone about it. The next day she returned to the office of Frank's attorneys and signed the instrument. She was aware at all times there would be no marriage unless the agreement was signed.

Appellant alleges the court erred in not allowing her to use subpoenas and subpoenas duces tecum for discovery purposes and in not granting her a hearing on her motion for appointment of an auditor and a receiver. Ordinarily, the denial of discovery would be error. At best, it would be harmless error on this

record. For the purposes of the trial, appellee offered to stipulate that his property had increased substantially during the 3 years of the marriage. The evidence was more than ample to sustain a substantial alimony allowance if one were merited.

The trial court was in error in awarding no alimony. Appellant should have been allowed an amount sufficient to permit her to reestablish herself. On the record, however, any allowance made should be minimal when contrasted with appellee's financial worth. The decree of the trial court, insofar as it finds the marriage of the parties is irretrievably broken and the marriage dissolved, is affirmed. Otherwise, the trial court's decree is modified to award the appellant alimony in the sum of $10,000. Counsel for appellant is awarded $750 for services in this court. The judgment is affirmed as modified.

AFFIRMED AS MODIFIED.