In re the MARRIAGE OF E. A. W.
(Plaintiff and Cross Respondent),
Appellant,

and

C. M. W. (Defendant and Cross
Petitioner), Respondent.

No. 39098.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 19, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 15, 1978.

Braun, Newman & Stewart, Allan F. Stewart, Clayton, for appellant.

John D. Connaghan, St. Louis, for respondent.

DOWD, Presiding Judge.

Plaintiff wife appeals from the judgment of the Circuit Court of the County of St. Louis which modified a separate maintenance decree and then granted a dissolution of marriage.

This complex appeal is the latest episode in seven years of litigation between plaintiff and defendant husband. Since the marriage of these parties in 1934 the plaintiff's principal occupation has been that of housewife and mother, while defendant has been engaged in the practice of law. In November of 1968 defendant left the family home. Over a year later he instituted a divorce proceeding in Kansas City. Plaintiff then filed a Petition for Separate Maintenance in St. Louis, and defendant dropped his Kansas City action and filed a cross claim for divorce in St. Louis. Defendant withdrew his cross claim on June 5, 1970 and filed for a divorce in Mexico on June 8. On June 18, 1970 a restraining order was issued by the Circuit Court enjoining defendant from proceeding with the divorce action in Mexico. The divorce was granted however, and after marrying another woman, defendant moved to Kansas City. A contempt citation was issued against defendant on October 1, 1970.

The Circuit Court entered a default judgment against defendant on January 12, 1971 in the maintenance action and granted plaintiff $600 per month plus attorney fees. Defendant fell behind in these payments. On November 18, 1974 plaintiff filed a motion to require defendant to make these payments to the Circuit Clerk. Defendant's response involved three counts: (1) a motion to quash plaintiff's above motion and vacate the separate maintenance decree (2) a motion to modify the judgment and decree of separate maintenance of $600 per month, and (3) a cross bill for dissolution of marriage. The court denied Count I.

Plaintiff sought a Writ of Prohibition to prevent the Circuit Court from hearing the cross bill for dissolution of marriage. This court denied the writ. Plaintiff then filed a motion to dismiss or stay the cross bill. On April 26, 1976 the Circuit Court denied the motion. In addition, it granted defendant's motion to modify the decree of separate maintenance by reducing the payments to $300 per month. On August 31, 1976 the cross bill for dissolution of marriage was transferred to another division. A Decree of Dissolution of Marriage was granted on March 1, 1977 and provided maintenance to plaintiff of $300 per month.

In the property settlement the court ordered defendant to convey his interest in the family home to plaintiff. In return, plaintiff was ordered to enter satisfaction of judgment for $26,000 for past due maintenance under the decree of separate maintenance. The court also divided other marital property, including a ½ interest in a 160 acre tract of land acquired during the marriage. The parties referred to the title to this land as being jointly owned by plaintiff

and her sister. The court awarded this property interest to plaintiff.

Plaintiff appealed the dissolution decree and parts of the property settlement. While the appeal was pending before this court, plaintiff and her sister sold two tracts of their 160 acre property. While the record is not clear as to the exact size of each tract, the briefs of the parties indicate the two tracts were approximately 10 acres each.

■ Before we can reach the merits of this appeal, we must first address defendant's point that plaintiff is precluded from appealing the judgment because she sold the above tracts of land granted her in the property settlement. The general rule is that when a litigant voluntarily accepts the benefits of an order or judgment, she cannot take an appeal to reverse the judgment. This is because the right to proceed on a judgment and enjoy its fruits, and to attack it on appeal, are totally inconsistent positions. *Knebel v. Knebel*, 189 S.W.2d 464, 466[3] (Mo.App.1945). There are however, many exceptions to this rule. One exception is that a party will not be precluded from bringing an appeal where that party is so "entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his right to it . . . ." *Fear v. Ebony Paint Mfg. Co.*, 238 Mo.App. 560, 181 S.W.2d 559, 562[3, 4] (1944); 4 Am. Jur.2d, Appeal and Error, § 253 (1962).

■ Thus, plaintiff may still appeal the decree, even though she sold property granted her in the property settlement, if she would have had the right to dispose of the property before the settlement was made. Both plaintiff and defendant agree that title to the property was in the name of plaintiff and her sister before the dissolution decree. Plaintiff would therefore have had the right to dispose of the property before the decree was entered provided the conveyance was not in fraud of defendant's marital rights. § 474.150(1) RSMo 1969. *Reinheimer v. Rhedans*, 327 S.W.2d 823, 828[3–5] (Mo.1959); *Caplinger v. Caplinger*, 438 S.W.2d 284, 286 (Mo.1969).

We note that defendant himself has sold property throughout this litigation, including a leasehold interest in real property worth approximately $1000. Whether the actions of these parties constitute a fraud upon the other spouse's marital rights is not a matter for determination here. The presumption of fraud in § 474.150(2) is not activated until the court attempts to make such a determination. We need only conclude that plaintiff had a right, absent fraud on the other spouse's rights, to sell the property both before and after the dissolution decree. Since plaintiff had such a right, her actions in selling the property do not preclude her from appealing the dissolution decree.

Turning to the merits of the appeal, plaintiff first contends that the Circuit Court erred in overruling her Motion to Dismiss or Stay the Cross Bill for Dissolution of Marriage. She suggests that a court retains jurisdiction over separate maintenance decrees only for purposes of modification of maintenance and support, and does not retain jurisdiction to hear a separate dissolution action.

■ Although a court does not completely exhaust its jurisdiction by entering the original decree in a dissolution or maintenance action, it retains only a limited jurisdiction to subsequently modify the decree. See *Schumacher v. Schumacher*, 223 S.W.2d 841, 844[1–3] (Mo.App.1949). The authority to modify or amend the judgment awarding maintenance must be found in the statute or it does not exist. *Hughes v. Wagner*, 303 S.W.2d 181, 184[3] (Mo.App. 1957); *Abright v. Abright*, 454 S.W.2d 957, 958[1] (Mo.App.1970). In the case at bar the trial court was authorized by statute to modify the amount of maintenance granted to plaintiff. § 452.370 RSMo 1974. However, the court was not authorized to grant the dissolution of marriage in the same action in which it rendered a decree of separate maintenance.

■ We cannot infer, as defendant requests, that the legislature intended a separate maintenance decree to be treated as a decree of legal separation since both are

only partial remedies. *Prough v. Prough*, 308 S.W.2d 294, 299[5] (Mo.App.1957). Separate maintenance is not identical to legal separation, and the two actions cannot be used interchangeably. *Nichols v. Nichols*, 538 S.W.2d 727, 731[5, 6] (Mo.App.1976). Thus, even though the statutes do permit a legal separation to be converted into dissolution upon motion of either party, a separate maintenance decree cannot be so converted. § 452.360 RSMo 1974.

■ Likewise, we do not agree with defendant's suggestion that the cross bill, as a responsible pleading, was a full petition for dissolution in itself. While defendant could have cross claimed for dissolution in his answer to the petition for separate maintenance,[1] he cannot now present a new theory of relief following entry of the decree. *Nichols v. Nichols*, 538 S.W.2d 727, 731[5, 6] (Mo.App.1976). Separate maintenance and dissolution actions are distinct and separate actions since the former preserves the marital status and the latter terminates it. *Prough v. Prough*, 308 S.W.2d 294, 297[3] (Mo.App.1957). Once a decree of separate maintenance is entered, a party cannot then request a dissolution decree in a modification action.

■ Another point plaintiff raises is that the trial court erred in modifying the separate maintenance decree from $600 to $300 per month maintenance, and in awarding $300 per month maintenance in its decree of dissolution of marriage. Her notice of appeal, however, states that the appeal is from the Decree of Dissolution of Marriage entered on March 1, 1977 and orders pertaining to the distribution of marital property. This decree disposed of Count III of defendant's motion. The notice of appeal makes no reference to modification of the maintenance decree as requested in Count II of the defendant's motion.

Rule 81.08(a) states the notice of appeal must specify the judgment or order appealed from. Since the notice of appeal is from the Count III dissolution proceeding and does not specify it is also from the Count II

modification proceeding on April 26, 1976 we are limited on appeal to a review of the dissolution action only. *Donnell v. Vigus Quarries, Inc.*, 489 S.W.2d 223, 224[1] (Mo.App.1972).

■ Even if we could however, find that the appeal from the Decree of Dissolution would permit an appeal from the modification order, we would still conclude that the modification is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976); *Hutcherson v. Hutcherson*, 553 S.W.2d 487, 488 (Mo.App. 1977). The record indicates that defendant sustained a drop in income between 1970 and 1975 due to his health problems and age. This is sufficient evidence for the court to conclude the changed circumstances were so substantial and continuing as to make the terms unreasonable. § 452.370 RSMo 1974.

Given these conclusions, it is unnecessary to rule on plaintiff's other points concerning the decree of dissolution and property settlement.

We affirm the judgment reducing the maintenance payments from $600 to $300, and reverse the judgment granting the dissolution of marriage and property settlement.

SNYDER, J., and ALDEN A. STOCKARD, Special Judge, concur.

---

1. See Ruhland, "Dissolution of Marriage," Missouri Family Law, § 12.10 (2d Ed. 1976).