In the Matter of the ESTATE OF
Erna A. WARNER.

Charles M. WARNER,
Plaintiff-Respondent,

Eileen C. Warner,
Intervenor-Respondent,

v.

Charles F. WARNER, Personal Representative, Charles F. Warner & Nancy
L. Warner, Individually as Legatees,
Respondents-Appellants.

No. 48576.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1985.

Allan F. Stewart, Clayton, for respondents-appellants.

Patrick J. Connaghan, St. Louis, for respondents.

KAROHL, Judge.

Respondents-appellants, personal representatives and legatees of Erna Warner, appeal probate court order determining title to real property. The court found petitioner Charles Warner succeeded to "full ownership of the property and full title was vested in him" at the time of the death of Erna Warner as the survivor of a tenancy by the entirety. After the death of Erna Warner, Charles Warner deeded his interest in the real estate to intervenor Eileen Warner.

Charles and Erna Warner were married in 1934. The legatees are children of Charles and Erna Warner. The subject real estate was conveyed to Charles and Erna Warner as husband and wife in 1964. In 1970 Charles obtained an ex parte decree of divorce in the State of Chihuahua, Republic of Mexico. Erna had previously filed a petition for separate maintenance in St. Louis County, Missouri. As a part of that proceeding she attempted to stop the Mexican divorce by obtaining a restraining order. Although the restraining order is dated before the Mexican divorce decree Charles claimed he was unable to stop the proceedings.[1] After the Mexican decree Charles married Eileen Warner, once in Mexico and then later in Kansas.

In 1971 Erna refused to recognize the validity of the Mexican divorce and obtained a decree of separate maintenance from the circuit court in St. Louis County. Respondent husband Charles Warner did not appear and the decree was granted by default. There is no indication in the record that the validity or invalidity of the Mexican divorce was presented as an issue to the court. In 1974 Erna filed a motion to require Charles to make the maintenance payments to the court. Charles filed a motion to quash Erna's motion, a motion to vacate the separate maintenance decree based on the existence of the Mexican divorce and a cross-bill for dissolution of marriage. The trial court granted a dissolution of marriage and reduced the separate maintenance award of $600.00 a month to a dissolution maintenance award of $300.00 per month. Erna appealed. *See In re Marriage of E.A.W.*, 573 S.W.2d 689 (Mo.App.1978). We there held that the trial court was not authorized to grant a dissolution of marriage in the same action in which it rendered a decree of separate maintenance but approved the reduction in the monthly award. We did not hold that the Missouri dissolution was barred by a prior Mexican divorce and the trial court ruling in that regard dissolved with the appellate opinion. From the record facts in that opinion it was said, "[t]he divorce was granted, however, and after marrying another woman, defendant moved to Kansas City." However this issue was never decided and on the issue of the validity of the Mexican divorce neither the principals of collateral estoppel or res judicata are applicable.

In 1981 Erna died testate leaving the real property at issue here to two of her children. Following Erna's death Charles conveyed by a quit claim deed his interest in the property to Eileen. Charles, and his grantee Eileen, maintain that the property was owned by Charles and Erna as a tenancy by the entirety and that upon Erna's death Charles had full title to the property which he conveyed to Eileen. Appellants argue that Charles is estopped from claiming that he and Erna were married when she died because he relied on the validity of the Mexican divorce and remarried.

Although the parties have requested that we determine whether the Mexican divorce

1. There is evidence that Charles attempted to have the Mexican decree withdrawn but was unable to do so.

was valid we decline to do so as it is not necessary to resolve the issue of who has title to the property.[2] We also find it unnecessary to consider the estate's alternative argument with regard to adopting the doctrine of divisible divorce. *See Estin v. Estin,* 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948), and *Urbanek v. Urbanek,* 503 S.W.2d 434, 439 n. 2 (Mo.App.1973). As a further preliminary matter we note that respondent Charles Warner and intervenor Eileen Warner occupy the position of petitioners in this proceeding and the issue of estoppel upon the estate by reason of decedent's position that the Mexican divorce was invalid (which petitioners urge) is not before us.

■■■ In order for Charles to convey fee simple title to the land he and Erna must have been married at the time of her death. Erna repeatedly denied that they were divorced. Charles, however, acted as if they were divorced and remarried. In Missouri a subsequent marriage is presumed valid. *Klein v. Laudman,* 29 Mo. 259, 261 (1860). *See also In re Marriage of Sumners,* 645 S.W.2d 205, 208 (Mo.App.1983). As the Supreme Court noted in *Carr v. Carr,* 232 S.W.2d 488, 489 (Mo.1950) "where a valid first marriage has been shown, ... it may be presumed that, at the time of the second marriage, the first marriage had been dissolved... The presumption of the validity of the last marriage may be repelled only by the most cogent and satisfactory evidence."

■■■ It is also the rule that a spouse who remarries may not claim the divorce is invalid. *Sumners,* 645 S.W.2d at 209. Consequently Charles is estopped from maintaining that he was married to Erna at her death due to an invalid Mexican divorce.[3] It would be inequitable to permit Charles who was remarried in the apparent belief he was divorced to reap the benefits of a marriage he previously denied by word and deed. *Sumners,* 645 S.W.2d at 209. *See also Smoak v. Smoak,* 269 S.C. 313, 237 S.E.2d 372 (1977); *Schlinder v. Schlinder,* 107 Wis.2d 695, 321 N.W.2d 343 (Ct. App.1982).

■■■ Charles' action estopped him from denying the validity of the divorce. He has no standing to assert that the land in question was held as tenants by the entirety. Consequently he did not own a fee simple title to convey to Eileen. By operation of law he had only an undivided one-half interest in the property. The other half interest belonged to Erna and became a part of her estate at her death.

■■■ Not only is Charles estopped from denying the validity of the divorce but so is Eileen. Third parties are estopped from denying the validity of the divorce if their claim is derived from a person who is estopped or if they were a part of the divorce. Restatement (Second) Conflict of Laws, § 74 comment b (1971). Eileen and Charles were married in Mexico immediately after the Mexican decree. They remarried in Kansas. It would be inequitable to permit Eileen to claim that the divorce is invalid.

The probate court erred in not applying the rule of estoppel announced in *Sumners*. The parties were estopped by the presumption of validity of the marriage of Charles Warner to Eileen Warner. Accordingly the order of the probate court misapplied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

We reverse the judgment of the probate court with directions that an undivided one-half interest in the real estate located at 9050 Laurel Crest Drive, Crestwood, Missouri as legally described in the inventory

**2.** Our detailed study of the St. Louis County legal separation file results in the conclusion that the validity of the Mexican divorce has never been litigated to a finding or judgment. It was raised in pleadings filed by Charles Warner but the pleadings were either withdrawn or evidence not offered to support the propositions alleged.

**3.** *See In re Marriage of Sumners,* 645 S.W.2d 205, 209 (Mo.App.1983) for a full discussion of estoppel and divorce decrees and the effect of the death of a first spouse.

be returned to the inventory as property of decedent's estate.

PUDLOWSKI, P.J., and GAERTNER, J., concur.