DORA A. PRICHARD, Respondent, v. ROBERT R. PRICHARD, Appellant.

Kansas City Court of Appeals, May 24, 1915.

1. **HUSBAND AND WIFE: Abandonment: Return: Judgment.** The statute (Sec. 8295, R. S. 1909) providing that a married woman may have judgment of support and maintenance against her husband who has abandoned her, does not contemplate that such judgment shall be absolute and that the support shall be for her life without reference to changed conditions. If the husband, in good faith, returns to her and is willing to support her, the judgment should be vacated.

2. ————: **Divorce: End of Duty: Judgment: Agreement.** Though a husband has abandoned his wife, yet if he afterwards obtains a divorce from her in another State where he had taken up his residence, for her fault, to which action she appeared, it puts an end to his duty to support her and a judgment for support on account of abandonment should be vacated. And it makes no difference that such judgment was rendered by agreement.

Appeal from Mercer Circuit Court.—*Hon. Geo. W. Wanamaker*, Judge.

REVERSED AND REMANDED (*with directions*). .

*Eldon C. Orton* for appellant. .

(1) The judgment for maintenance is not a final judgment but is one subject to be vacated as circumstances require. Sec. 8295, R. S. 1909; Creasey v. Creasey, 168 Mo. App. 98. (2) The Oklahoma divorce is valid and binding on the parties to this suit, defend-

ant residing in that State and plaintiff appearing and defending suit. Cheener v. Wilson, 9 Wal. 108, 19 L. Ed. 604, this case approved in Haddock v. Haddock, 26 Ct. Rep. 525, 527. (3) The granting of the divorce to the defendant entitled him to be relieved from the payment of maintenance to plaintiff after death of minor son. Sec. 8295, R. S. 1909; Hooker v. Hooker, 80 S. D. 64; Skittleharpe v. Skittleharpe, 40 S. E. 851; Creasey v. Creasey, 168 Mo. App. 98; Bidwell v. Bidwell, 52 S. E. 55.

*R. B. Hyde* and *Arthur M. Hyde* for respondent.

(1) The suit and decree in this case was for maintenance under Sec. 8295, R. S. 1909. (2) Even consent of the parties could not confer jurisdiction on the court to engraft one upon the other. Sharpe v. Sharpe, 134 Mo. App. 278. (3) This decree simply recognized and enforced the absolute right of the plaintiff to support. McGrady v. McGrady, 48 Mo. App. 668.

ELLISON, P. J.—Plaintiff and defendant were husband and wife both residing in this State. They had two children one, a daughter, over age, who has no interest involved in this action. The other, a minor son. They had become estranged and were not living together as man and wife; he had abandoned her and lived in adultery, when in 1909 she brought an action against him for maintenance, on account of abandonment, under the provisions of section 8295, Revised Statutes 1909. She obtained judgment against him in September, 1909, the son being then fifteen years old.

Defendant left Missouri and took up a residence in Oklahoma; and in May, 1911, he obtained a divorce in that State from plaintiff, she appearing to the action. The divorce was granted for "her fault" on account of abandonment. No claim was made by her for alimony and none was allowed.

The following month, June, 1911, the son died, and something over two years thereafter, at the December, 1913 term of the circuit court of Mercer county, Missouri, defendant filed a motion to vacate the judgment of allowance on the ground that the son was dead and that he had obtained a divorce from plaintiff for her fault. The court refused to vacate the allowance but modified it so as to require defendant to pay to plaintiff twelve and one-half dollars per month instead of twenty-five dollars. Defendant thereupon appealed.

There is considerable discussion by counsel for plaintiff that we think not applicable. The case does not present questions of law bearing upon marriage settlements, or deeds of separation. The case must be considered from the standpoint of the above-cited statute on abandonment by a husband of his wife and family and failure to support them. That statute was the foundation of the judgment in controversy; and its construction as affected by the death of the son and the divorce obtained by defendant, is what we should consider. The statute reads:

"When the husband without good cause, shall abandon his wife, and refuse or neglect to maintain and provide for her, the circuit court, on her petition for that purpose, shall order and adjudge such support and maintenance to be provided and paid by the husband for the wife and her children, or any of them, by that marriage, out of his property, and for such time as the nature of the case and the circumstances of the parties shall require, and compel the husband to give security for such maintenance, and from time to time make such further orders touching the same as shall be just, and enforce such judgment by execution, sequestration of property, or by such other lawful means as are in accordance with the practice of the court; and as long as said maintenance is continued, the husband shall not be charged with the wife's debts, contracted after the judgment for such maintenance."

It is the theory of plaintiff that her original judgment of maintenance was perpetual during her life, and not even subject to modification in amount, except after the death or majority of the son.

It is in these words:

"That the plaintiff is entitled to the sum of twenty-five ($25) dollars monthly from January 1, 1910, out of the rent of said land (the land being life estate in 320 acres in Mercer county, Missouri), for maintenance of herself and said son until said son is twenty-one years of age, and until the further order of the court. And by agreement it is therefore considered and adjudged, and decreed by the court that the plaintiff have and recover of the defendant, the sum of twenty-five dollars monthly from the 1st day of January, 1910, until said son, Neil Prichard, attains the age of twenty-one years, or until the further order of the court modifying or changing the amount of this judgment after said Neil Prichard becomes twenty-one years of age or after his death, if that should first occur."

There were other portions of the judgment, the object of which was to secure the payment of the allowance, which need not be set out.

The judgment as modified, recognizes plaintiff's theory. After matters of recitation, it reads:

"The court further finds that the decree heretofore rendered in this cause was rendered and the amount thereof fixed by agreement of the parties and was without limitation except that the court reserved the power to modify it after Neil Prichard became twenty-one years of age, or after his death, whichever should first occur. That the cause in which said decree was rendered was for maintenance on account of abandonment by Robert R. Prichard of his wife, Dora A. Prichard, without cause and was under the provisions of section 8295, Revised Statutes of 1909, and no claim for divorce was made or considered."

In our opinion the statute has not received a proper construction. It was not intended that a judgment for support should be without a limitation as to time or change as to amount. The very nature of the husband's offense is such that if the abandonment ceases, the penalty should cease to be exacted. The statute is bottomed on the law running through the marital relation which offers every encouragement to the defaulting husband to repent of his error, return to his family and perform his duty to guide and support it. It is not the intent of the statute that an inflexible and perpetual judgment should block the way to reconciliation. These views are fully sustained by a well-considered opinion by Judge CAULFIELD of the St. Louis Court of Appeals in Creasey v. Creasey, 168 Mo. App. 98, 108-110. [See, also, Gilbert v. Gilbert, 83 Ohio St. 265.]

Nor was it the intention of the Legislature to authorize a judgment which could not be altered where, the situation has been so changed as to make the statute necessarily inapplicable: [Creasey v. Creasey, supra.] In this case, the defendant's marital obligation to plaintiff was dissolved for her fault by a judgment of divorce, rendered by a court of competent jurisdiction, in an action to which she appeared. She is necessarily bound by that judgment and it put an end to defendant's duty to maintain her. [Gilbert v. Gilbert, 83 Ohio St. 265; Skittletharpe v. Skittletharpe, 130 N. C. 72, 76; Bidwell v. Bidwell, 139 N. C. 402, 409.] "After an absolute divorce in an action in which the court had jurisdiction of both parties, she is no longer 'the wife' and does not come within the provisions of the statute." [Weidman v. Weidman, 57 Ohio St. 101.]

Plaintiff suggests that the judgment for allowance was by agreement. The amount of monthly support does appear to have been agreed upon, but we think that does not prevent the application of the law as we have herein stated it.

The judgment is reversed and the cause remanded with directions to annul and vacate the judgment. All concur.