Elmer B. NICHOLS, Plaintiff-Respondent,

v.

Minnie M. NICHOLS,
Defendant-Appellant.

No. 27564.

Missouri Court of Appeals,
Kansas City District.

June 1, 1976.

Motion for Rehearing and/or Transfer
Denied July 6, 1976.

Alex Bartlett, Hendren & Andrae, Jefferson City, for defendant-appellant.

P. Pierre Dominique, Jefferson City, for plaintiff-respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment, entered on plaintiff-respondent's petition for divorce, granting dissolution of marriage.

Plaintiff-respondent Elmer B. Nichols filed his petition for divorce in the Cole County Circuit Court on November 27, 1972. He alleged that he and defendant-appellant Minnie M. Nichols were married in November, 1926, and had lived together until September 20, 1972, when they separated; that two children, both of whom were emancipated, were born of the marriage; as general indignities, plaintiff alleged that "defendant continually nags and argues with the plaintiff without just cause"; that defendant "constantly criticizes and belittles" plaintiff; that defendant has a violent temper and that defendant failed to show love and affection for plaintiff.

Defendant filed an answer, denying the allegation of the petition that plaintiff was a resident of Cole County at the time of the filing of the action. She denied the allegations relating to general indignities. She also filed a cross claim for separate maintenance, alleging abandonment by plaintiff and failure to support defendant. Plaintiff filed a reply, denying the allegation of the cross claim.

Trial was held on December 6, 1973. The parties were the only witnesses. On May 17, 1974, the trial court entered judgment wherein it found that "there remains no reasonable likelihood the marriage between the parties can be preserved and therefore, the marriage is irretrievably broken," and

ordered that the marriage be "dissolved." The family residence and a small piece of property were transferred to Mrs. Nichols by the decree and Mr. Nichols was directed to pay $200 per month maintenance to Mrs. Nichols.

Defendant-appellant filed an after-trial motion to amend the decree to provide a decree of legal separation rather than dissolution of the marriage. This motion was overruled by operation of the 90-day period. Rule 78.06. This appeal followed.

■ Appellant first contends that the judgment must be reversed because the evidence showed that plaintiff-respondent was not a resident of Cole County at the time of the filing of the petition and therefore the trial court was without jurisdiction to enter a decree of divorce or a decree dissolving the marriage.

The petition in this case was filed under the prior divorce law but, before the trial decree, the new dissolution of marriage law became effective and was applied by the court. § 452.415 2, RSMo 1973 Supp. Insofar as the problem here presented is concerned, both the prior law (§ 452.040, now repealed) and the new law (§ 452.300 1, RSMo 1973 Supp.) require the proceedings to " * * * be had in the county where the plaintiff resides * * *."

The parties had lived for years in Eldon, Miller County, Missouri. The wife continued to live there after the separation. The husband, at the trial, testified that, when he left the family residence, he lived with his sister in Versailles, Morgan County, Missouri. The question here raised arises from plaintiff's testimony as to when he left Versailles. At one point, he stated that he stayed in Versailles until "sometime after Christmas." After some colloquy with the court and in response to a further question from counsel for defendant, plaintiff stated:

"Well, I don't know just exactly when it was now, to be truthful. It was sometime before Christmas. I know I wasn't there Christmas Time. Whether I left a month before Christmas or what, because it never registered on my mind. At that time I didn't think it would be important."

Plaintiff testified, in response to questions from his counsel, that, at the time he filed suit for divorce, he "roomed at Mrs. Snodgrass's here in Jefferson City." He stated that when his sister moved from Versailles to near Eugene in Cole County, he then moved out there with them.

On this record, the court cannot say that the trial court erred in concluding that respondent was a resident of Cole County at the time the petition was filed.

Appellant contends that, even if the testimony that respondent was living at Mrs. Snodgrass's before November 27, 1972 is accepted, it is still insufficient to show that Cole County was his residence for the purpose of establishing venue for this action because the record is devoid of other evidence that respondent intended to establish a domicile in Cole County. Appellant points to evidence that respondent voted in Miller County in the November, 1972 election and that he had made no personal property tax return to Cole County for the year 1973.

It is clear that respondent intended to depart permanently from his Miller County residence or domicile in September, 1972. Having left that domicile, he was in a position to make a "domicil of choice," even though the new domicile was selected for the purpose of obtaining a divorce. *In re Toler's Estate*, 325 S.W.2d 755, 760–761[8] (Mo.1959); Restatement, Conflict of Laws 2d, § 18, comment F., p. 72 (1971). In view of the testimony of respondent that he did establish a residence in Cole County with that purpose in mind, the evidence of failure to do everything that the law might require of a legal resident of Cole County such as payment of taxes would not nullify the establishment of his residence there. Compare *State ex rel. King v. Walsh*, 484 S.W.2d 641, 648 (Mo. banc 1972).

Appellant next contends that the trial court erred in failing to find a specific reason for concluding that the marriage was irretrievably broken and contends fur-

ther that the evidence would not have supported any such finding.

Appellant relies upon Subsection 2 of Section 452.320, RSMo 1973 Supp., which provides:

"2. If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and after hearing the evidence shall:

"(1) Make a finding whether or not the marriage is irretrievably broken, and in order for the court to find that the marriage is irretrievably broken, the petitioner shall satisfy the court of one or more of the following facts:

"(a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

"(b) That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;

"(c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;

"(d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;

"(e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four months preceding the filing of the petition; * * *."

■ This statute requires only that the court make a finding "whether or not the marriage is irretrievably broken * * *." No express finding on the facts upon which that conclusion is based is required. Under Rule 73.01 1(b), the facts are considered as found according to the result reached which presents no problem in this case inasmuch as the parties agree that the evidence in this case was all directed toward the proposition "that the [appellant] has behaved in such a way that the [respondent] cannot reasonably be expected to live with the [appellant] * * *."

Appellant asserts that there was no substantial evidence to support a finding to such effect. There is no reason to detail at length the evidence. It is sufficient to say that there was evidence that appellant was a nagging wife, had a violent temper, was argumentative and given to making belittling remarks about her husband. The appellant admitted that she and respondent could not get along. There was conflicting evidence as to who was responsible for the many arguments. There was also conflicting testimony regarding sexual relations between the parties. Respondent testified that they had infrequent sexual relations during the last 20 years and that, since he had prostrate trouble about five years ago, he and appellant had sexual relations one time. According to respondent, appellant would say "You couldn't do anything anyway." Respondent stated he was capable. Appellant described their sex life as "normal." These conflicts were matters to be resolved by the trial court, and he obviously did so in favor of respondent.

■ In any event, this is not a case where support for the factual conclusion required to support the ultimate finding is lacking. The decree is supported by substantial evidence and is not contrary to the weight of the evidence. Rule ·73.01.

■ The conclusion that the trial court properly entered a decree dissolving the marriage obviates any necessity for consideration of appellant's argument that the court should have granted her cross bill for separate maintenance. The dissolution of the marriage concluded appellant's right to proceed for separate maintenance. *Prichard v. Prichard,* 189 Mo.App. 470, 176 S.W. 1124 (1915).

Appellant next contends that the trial court should have entered a decree of "legal separation" in accordance with § 452.305 2, rather than one of dissolution of marriage.

Appellant contends that by her cross bill for a judgment of separate maintenance and by her after-judgment motion to amend the decree to grant a decree of legal separation rather than dissolution, she invoked § 452.305 2, RSMo 1973 Supp., and that, by the terms of that portion of the dissolution of marriage law, she became entitled, as a matter of right, to a decree of legal separation.

Subsection 2 of § 452.305 provides:

"2. If a party requests a decree of legal separation rather than a decree of dissolution of marriage, the court shall grant the decree in that form."

Appellant's contention that, by virtue of this provision, whenever either party in an action under the dissolution of marriage law, requests a decree of legal separation rather than a decree of dissolution, the court is obliged to grant the relief in that form upon a finding that the marriage is irretrievably broken, need not be determined in this case. This conclusion follows from the determination that appellant did not file a cross bill for legal separation nor did she, prior to the decree of dissolution, make any request for a decree of legal separation.

 Legal separation, under § 452.305 2, is a new concept in Missouri law. It is not the same thing as separate maintenance still provided under § 452.130. Separate maintenance provides only for the support of the wife and children, whereas, under legal separation, the court may determine child custody and property division, as well as support and maintenance. (§ 452.330, § 452.335, § 452.340, RSMo 1973 Supp.) Therefore, the cross bill for separate maintenance cannot be considered as a pleading seeking the new remedy of legal separation.

There is no authority for the filing of a request for a decree of legal separation by way of a motion to amend a decree of dissolution. Appellant submitted her case on her answer and cross bill seeking separate maintenance. She will not be permitted, following the entry of the decree of dissolution, to present a new theory of relief.

Judgment affirmed.

All concur.