In re the MARRIAGE OF Karen Marie CAPSTICK, Petitioner-Respondent,

and

Patrick Robert Capstick, Respondent-Appellant.

No. 37760.

Missouri Court of Appeals, St. Louis District, Division Four.

Feb. 15, 1977.

Terry A. Bond, Luke, Cunliff, Wilson, Herr, Chavaux & McCluggage, St. Louis, for respondent-appellant.

Kemper R. Coffelt, St. Louis, for petitioner-respondent.

SIMEONE, Chief Judge.

This is an appeal by appellant, Patrick Robert Capstick, from a judgment entered on December 2, 1975, by the circuit court of St. Louis County dissolving the marriage of appellant and Karen Marie Capstick and awarding Karen Marie Capstick custody of a child, support, maintenance and certain property.

On this appeal Mr. Capstick makes one contention—that the court erred in granting dissolution because the wife "failed to prove that the marriage was irretrievably broken" as provided by Chapter 452, RSMo.

The action was begun by the petitioner, Karen, by filing her petition against Patrick alleging the date of the marriage (July 7, 1973), the date of the separation (July 25, 1975), the birth of a daughter, Leanna Marie, and that the marriage was "irretrievably broken" because Mr. Capstick "behaved in such a way that petitioner [Karen] cannot reasonable [sic] be expected to live with respondent, which behavior is in part . . . ." that he would "quarrel with and nag" her, that he struck her, and that he became "cold and indifferent" in his attitude. Karen prayed in her petition (1) that the marriage be dissolved, (2) that she be awarded custody of the minor child, support and maintenance, and (3) that the court divide the marital property.

Mr. Capstick filed his answer denying that the marriage was irretrievably broken and denied the specific allegations as to his behavior.

In due time, income and expense statements were filed by Karen and Patrick. The cause was heard on November 19, 1975. Almost all of the testimony from Karen and Patrick related to their income, debts and

expenses, expenses for their daughter and what constituted the marital property. In her testimony Karen testified over objection that in her opinion the marriage was "irretrievably broken and cannot be saved." [1] In his testimony Patrick offered no testimony that the marriage was not irretrievably broken testifying only as to his employment, his earnings, his debts and expenses and his property.

At the conclusion of the hearing, the court found that "there remains no reasonable likelihood that the marriage between the parties can be preserved, and that the marriage is, therefore, irretrievably broken" and granted dissolution, awarded custody of the child to Karen, gave her support and maintenance and awarded to her certain personal property. After an unavailing motion to amend the findings and decree, Patrick duly appealed.

He contends that the court erred in granting the dissolution because Mrs. Capstick "failed to prove that the marriage was irretrievably broken as provided in Chapter 452 . . . ." He argues (1) that Karen, in order to be granted a dissolution, must "satisfy the Court of one or more of the five facts which are enumerated in Section 452.320(2)(1)(a-e), R.S.Mo. 1969," and (2) that, although Mrs. Capstick testified that in her opinion the marriage was irretrievably broken and could not be saved, this was a mere conclusion and was of no probative value.

Our new dissolution law provides that if one of the parties to the marriage "has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors . . . and after hearing the evidence shall . .

---

1. During the course of Karen's testimony, the following occurred:

    "Q. [By Karen's counsel]: Now, Mrs. Capstick, during the course of your marriage and prior to the time of your separation, did anything occur between you and your husband that in your opinion, made your marriage irretrievably broken?

    "[Counsel for Mr. Capstick]: Object to that, Your Honor, as calling for opinion of the witness.

    "THE COURT: I will sustain it. Her testimony that the marriage cannot be saved and is irretrievably broken should be sufficient.

    "Q. [By Karen's counsel]: Mrs. Capstick, is it your opinion that the marriage between you and Patrick is irretrievably broken and cannot be saved?

    "A. Yes.

    "[Counsel for Mr. Capstick]: Same objection, Your Honor.

    "THE COURT: Overruled."

make a finding whether or not the marriage is irretrievably broken," but, in order to find that the marriage is irretrievably broken, the "petitioner shall satisfy the court" of one or more facts listed. § 452.320, subsection 2, (1)(a)-(e).

Recently, we had occasion to examine the new dissolution law in this regard in *Mitchell v. Mitchell*, Mo.App., St. Louis Dist., 1976, 545 S.W.2d 313. We held there that, while the thrust of the new dissolution law is pointed toward the elimination of the "fault concept" in the resolution of marital problems, our new law is not a true "no fault" dissolution law. Unlike other states which have adopted the "no fault" concept of dissolution, the General Assembly clearly did not enact a total "no fault" dissolution law. Rather, our General Assembly adopted a modified no fault law. Under our statutes, there are clearly two well-defined situations. The first is where the marriage partners have stated under oath or affirmation that the marriage is irretrievably broken, or where, when one of the partners has so stated and the other has not denied it, the sole ground for dissolution is that there "remains no reasonable likelihood that the marriage can be preserved and therefore the marriage is irretrievably broken." §§ 452.305, 452.320 subsection 1.[2] The other situation is where "one of the parties has denied under oath or affirmation that the marriage is irretrievably broken." § 452.320 subsection 2. In such an instance the trial court is then required to consider all the relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and, after hearing the evidence, shall make a finding whether or not the marriage is irretrievably broken. And, in order for the court to find that the marriage is irretrievably broken, the petitioner must satisfy the trial court of one or more of the factors listed in § 452.320 sub-

section 2.(1)(a)-(e). In short, when one of the parties denies "under oath or affirmation that the marriage is irretrievably broken," the court must then make a finding that (a) the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent, or (b) the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent, or (c) the respondent has abandoned the petitioner for a continuous period of at least six months preceding the petition, or (d) the parties have lived apart by consent for a continuous period of twelve months prior to the filing of the petition, or (e) the parties have lived apart without mutual consent for a continuous period of twenty-four months preceding the filing of the petition.

When one of the parties "has denied under oath or affirmation that the marriage is irretrievably broken," the court must find one or more of the above factors, and, in the absence of such a finding, the court may not grant a dissolution of the marriage.

In the circumstances of this record, Mrs. Capstick alleged that the marriage was irretrievably broken; Mr. Capstick, under oath, denied that the marriage was irretrievably broken. Although in her petition she alleged that Mr. Capstick behaved in such a way that she could not reasonably be expected to live with him, on the hearing Mrs. Capstick did not present, or was precluded from presenting, any evidence of that ground or any of the factors listed in § 452.320 subsection 2, (1)(a)-(e). She did not "satisfy" the court of one or more of such factors.

We are therefore compelled under the dissolution law as adopted by our General Assembly to reverse the judgment in this cause. However, while we reverse the judgment, we remand the cause to the trial

---

**2.** The Missouri dissolution law is in this respect different from the English Divorce Reform Act of 1969 which requires in Section 2(1) that the court hearing a petition for divorce shall not hold the marriage to have broken down irretrievably unless the petitioner satisfies the

court of one or more factors including that the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent. See *Ash v. Ash*, [1972] 1 All E.R. 582.

court in order to provide the petitioner with an opportunity to "satisfy the court" of one or more of the facts listed in § 452.320 subsection 2, (1)(a)-(e) and for the court to make a finding.

The judgment is reversed and the cause is remanded for further proceedings.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.