**In re the MARRIAGE OF Wanda Louetta DILLON, Petitioner-Respondent,**

**and**

**William Byron Dillon, Respondent-Appellant.**

**No. 10563.**

Missouri Court of Appeals, Springfield District.

Nov. 16, 1977.

James E. Spain, Briney, Welborn & Spain, Bloomfield, for petitioner-respondent.

Gary L. Smith, Smith & Holden, Dexter, for respondent-appellant.

Stephen L. Taylor, Gilmore & Gilmore, Sikeston, for petitioner-respondent.

Jim S. Green, Hux & Green, Sikeston, for respondent-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

On July 19, 1975, petitioner-wife filed her petition for dissolution of marriage. On August 19, 1975, she filed her first amended petition in which she averred, inter alia, that the parties had "separated June 12, 1975" and that "the marriage is irretrievably broken." Respondent-husband denied the allegation that the marriage was irretrievably broken by his verified answer. Only petitioner and the husband testified at trial. Among other things, the trial court found: "There remains no reasonable likelihood that the marriage . . . can be preserved and the marriage between the parties is, therefore, irretrievably broken." The court also awarded petitioner counsel fees in the sum of $350. Respondent-husband appeals claiming the trial court erred (1) in dissolving the marriage because petitioner did not satisfy the trial court of the existence of one or more of the five facts required by § 452.320–2(1)(a)–(e), V.A.M.S.,[1] and (2) in awarding attorney's fees because

1. Sec. 452.320. . . .
    2. If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and after hearing the evidence shall
    (1) Make a finding whether or not the marriage is irretrievably broken, and in order for the court to find that the marriage is irretrievably broken, the petitioner shall satisfy the court of one or more of the following facts:
    (a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;
    (b) That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;
    (c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;
    (d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;
    (e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four months preceding the filing of the petition; or
    (2) Continue the matter for further hearing not less than thirty days or more than six months later, or as soon thereafter as the matter may be reached on the court's calendar, and may suggest to the parties that they seek counseling. No court shall require counseling as a condition precedent to a decree, nor shall any employee of any court, or of the state or any political subdivision of the state, be utilized as

petitioner did not pray for them in her petition and did not adduce any evidence on the issue.

The only testimony proffered at trial anent the issue of whether the marriage had been irretrievably broken vel non was this: [Petitioner-wife testifying]: "Q. . . . have certain differences arisen between you and your husband where you feel that the marriage can no longer be maintained? A. Yes. Q. You feel that the marriage is irretrievably broken? A. Yes, I do." [Respondent-husband testifying]: . "Q. Wouldn't it be a fair statement to say that in view of these problems [failure of communication] the marriage can no longer be maintained? A. I am not sure that the problems are that serious that it couldn't be, no."

■ Missouri's General Assembly did not enact a true no fault dissolution statute, but rather adopted a modified type of dissolution law. *In re Marriage of Mitchell*, 545 S.W.2d 313, 318[2] (Mo.App.1976). Albeit that § 452.320–2(1) requires only that the court "make a finding whether or not the marriage is irretrievably broken" and does not require a finding upon which that conclusion is based [*Nichols v. Nichols*, 538 S.W.2d 727, 730[2] (Mo.App.1976)], yet if one of the parties has denied that the marriage is irretrievably broken, the petitioner must satisfy the court of the existence of one or more of the five factors enumerated in the statute before the court can find that the marriage is irretrievably broken. *In re Marriage of Uhls*, 549 S.W.2d 107, 109[1] (Mo.App.1977); *In re Marriage of Capstick*, 547 S.W.2d 522, 524[2] (Mo.App.1977).

■ The decree was entered December 14, 1976. In her brief respondent argues that the requirements of § 452.320–2(1)(d) were met because "the parties had lived separate and apart for twelve consecutive months when the decree was entered." However, the statute requires: "(d) That the parties to the marriage have lived separate and apart by mutual consent for a

continuous period of twelve months immediately *preceding the filing of the petition.*" (Our emphasis). The amended petition alleged the parties had separated June 12, 1975, and the earliest date of separation for which there was any trial evidence was "about June the 1st, 1975." With the original petition being filed July 19, 1975 and the amended petition being filed one month later, it is obvious the parties had not been separated for twelve months "preceding the filing of the petition."

We have recast the entire testimony adduced at trial which relates to the first issue presented on appeal. It is evident no evidence was offered which could have satisfied the trial court of the existence of one or more of the elements set forth in § 452.320–2(1)(a)–(e). Consequently, we are compelled to reverse the judgment in this case. Nevertheless, while we reverse, we also remand the cause to the trial court to provide petitioner with an opportunity to satisfy the trial court of one or more of the facts listed in the statute and for the trial court to make a finding in accordance therewith. *In re Marriage of Capstick,* supra, 547 S.W.2d at 524–525.

■ As to respondent's second complaint on appeal: Although petitioner did not ask for attorney's fees in her petition, the supplemental transcript on appeal filed herein shows that some six months prior to trial and by leave of court, petitioner filed a motion in which she asked for attorney's fees. In a dissolution of marriage proceeding, the award of attorney's fees is in the discretion of the trial court whose decision thereon will not be disturbed except for abuse of discretion [*Seelig v. Seelig*, 540 S.W.2d 142, 147[12] (Mo.App.1976)], and the basic test is whether the petitioner had sufficient means of her own to defray her attorney's fees. *McGinley v. McGinley*, 513 S.W.2d 471, 473[7] (Mo.App.1974).

In this case most all of the evidence related to the financial abilities of the parties,

a marriage counselor. At the adjourned hearing, the court shall make a finding whether the marriage is irretrievably broken as set forth in

subdivision (1) above and shall enter an order of dissolution or dismissal accordingly.

84

present and prospective, their affluence or nonaffluence, the amount and values of the various properties involved, etc. From this the trial court could well judge of the petitioner's abilities to pay for attorney fees. While it is true there was no evidence as to the value of the labor expended by petitioner's attorney in the preparation and conduct of the case, it has been said that such evidence "is not necessary because courts are themselves experts on the question of attorneys' fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorneys' fees without the aid of evidence." *Agnew v. Johnson*, 352 Mo. 222, 233, 176 S.W.2d 489, 493–494[6] (1943); *Beckman v. Beckman*, 545 S.W.2d 300, 303[9] (Mo.App.1977); *Jafarian-Kerman v. Jafarian-Kerman*, 424 S.W.2d 333, 340 (Mo. App.1967). Although the laxity of a petitioner's counsel in presenting this phase of the case has been recently criticized [*In re Marriage of Vanet*, 544 S.W.2d 236, 244[10] (Mo.App.1976)]; nonetheless, as the $350 awarded as attorney's fees does not appear unreasonable on its face, and in view of the authorities just quoted and cited, we are unwilling to say that the trial court abused its discretion and deny the second point.

For the reasons given as to the first point relied on, the judgment nisi is reversed and the cause is remanded.

All concur.