In re the MARRIAGE of Nellie Jane WILLIAMS and Carl Elwood Williams.

Nellie Jane Williams, Petitioner-Respondent,

and

Carl Elwood Williams, Respondent-Appellant.

No. 11176.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 1980.

Peter H. Rea, Branson, for petitioner-respondent.

Ivella McWhorter Elsey, Springfield, for respondent-appellant.

BILLINGS, Presiding Judge.

Husband has appealed this dissolution of marriage and division of marital property case. Wife filed for a dissolution of marriage and sought a division of marital property. On September 17, 1978, the trial court entered a judgment dissolving the marriage and dividing the marital property in accord with an oral separation agreement and § 452.325, RSMo 1978. We reverse and remand with directions.

On October 12, 1977, a hearing was conducted on the wife's petition. At that time, husband and wife testified as to the terms of an oral "agreement" for the division of marital property. Both testified that this division of property was "fair," "reasonable," and "not unconscionable." There was no other evidence presented to the court concerning the division of their marital property.

During this hearing, husband continued to deny that the marriage was irretrievably broken and could not be preserved. On direct-examination, husband stated that he would admit that the marriage was irretrievably broken, *if* his wife still wanted the dissolution after a six month intervening period. The husband requested that the court take the question of the dissolution under "advisement" for six months, so that he could attempt a reconciliation with his wife.

At the end of this hearing, the court entered an "interlocutory decree" dividing the marital property in accord with the terms of the oral "agreement" and ordered that the question of the dissolution would be "taken under advisement and the matter continued until the April Term Day of 1978."

In the interim, husband obtained new counsel and filed a "Motion for Rehearing and to Reopen Dissolution Case" on December 7, 1977. On July 31, 1978, the trial court made a docket entry purporting to dissolve the marriage. On September 12, 1978, a hearing was held on husband's motion. On September 17, 1978, the motion was denied and a final judgment was entered dissolving the marriage and dividing the marital property in accord with the oral "agreement." This appeal followed.

■ The husband asserts that the trial court erroneously applied § 452.325, RSMo 1978, by dividing the marital property of the parties pursuant to an oral agreement and that the court did not consider, as required by § 452.325, the "economic circumstances of the parties" to determine whether or not this "agreement" was "unconscionable."

Section 452.325 states, in part:

"1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a *written* separation agreement containing provisions for . . . the disposition of any property owned by either of them, . . ..

"2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable." (Emphasis added).

In *Turpin v. Turpin,* 570 S.W.2d 831 (Mo. App.1978) the court stated:

"The terms of the statute are plain and unambiguous that the separation agreement must be in writing and there is no room or need for judicial interpretation here. This agreement, made the day of the trial, was not written (indeed, if such an agreement was in fact reached). The trial court simply adopted it without evidence or other information (so far as appears from this record) as to the factors which required its consideration even had the purported agreement been reduced to writing before the Court could determine whether or not such written agreement was conscionable or unconscionable, as it was the Court's statutory duty to do." 570 S.W.2d at 835.

We find that the trial court erred in applying § 452.325 to the division of marital property in this case. The purported "agreement" between the parties was neither written nor did the court receive or consider (so far as appears from this record) any evidence relating to the economic circumstances of the parties, as required by § 452.325.

■ Husband next avers that the trial court erred in dissolving the marriage be-

cause the court did not proceed in accord with Section 452.320, RSMo 1978.

Section 452.320, subsection 1, states:

"If both of the parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court, after considering the aforesaid petition or statement, and after a hearing thereon shall make a finding whether or not the marriage is irretrievably broken and shall enter an order of dissolution or dismissal accordingly."

As stated in *In re Marriage of Capstick*, 547 S.W.2d 522 (Mo.App.1977), Section 452.-320, subsection 2(1)(a)–(e) requires:

"In short, [that] when one of the parties denies 'under oath or affirmation that the marriage is irretrievably broken,' the court must then make a finding that (a) the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent, or (b) the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent, or (c) the respondent has abandoned the petitioner for a continuous period of at least six months preceding the petition, or (d) the parties have lived apart by consent for a continuous period of twelve months prior to the filing of the petition, or (e) the parties have lived apart without mutual consent for a continuous period of twenty-four months preceding the filing of the petition.

"When one of the parties 'has denied under oath or affirmation that the marriage is irretrievably broken,' the court must find one or more of the above factors, and, in the absence of such a finding, the court may not grant a dissolution of the marriage." 547 S.W.2d at 524.

The wife alleged the marriage was irretrievably broken. The husband denied the marriage was irretrievably broken and specifically requested that the court take the dissolution question under advisement for six months. During direct examination of the husband on October 12, 1977, he stated that he would "consent" to a dissolution after this six-month interval, *if* his wife still wanted the dissolution. The only other "evidence" introduced by the wife, was an "affirmation" of her petition that there had been "certain irreconcilable differences, frictions, and interferences, and harassments, arguments, and quarreling, [and] bickering . . . ."

 We find that the trial court erred in determining that the husband's statement on direct examination satisfied the requirements of § 452.320, subsection 1. Further, there was no substantial evidence introduced to support this dissolution under § 452.320, subsection 2. The wife did not introduce any substantial evidence to satisfy the trial court of one or more of the factors listed in § 452.320, subsection 2(1)(a)–(e). We must reverse the judgment dissolving the marriage and remand the cause to the trial court in order to provide the wife with an opportunity to "satisfy the court" of one or more of the facts listed in § 452.320, subsection 2(1)(a)–(e) and for the court to make a finding. *In re Marriage of Capstick*, supra.

The judgment is reversed and the cause is remanded for further proceedings.

All concur.