

maintain the infield dirt in any particular manner or that there was any breach of duty owed. The trial court correctly sustained defendant's motions to dismiss his petition.

 Plaintiff also alleges error in the trial court's denial of his motion for leave to amend his petition. Though Rules 55.33 and 67.06 stress liberality in allowing amendments to pleadings, granting such leave is not mandatory. *Young v. Jack Boring's, Inc.*, 540 S.W.2d 887, 891 (Mo.App. 1976). The trial court does have discretion to deny a request for leave to amend a petition. *Willett v. Reorganized School Dist. No. 2*, 602 S.W.2d 44, 48 (Mo.App. 1980); *Clayton Brokerage Co. of St. Louis v. Lowrance*, 592 S.W.2d 218, 225 (Mo.App. 1979). We find no abuse of the trial court's discretion in denying the plaintiff a fifth time at bat, particularly as there is no contention that he seeks to include facts overlooked or that he was unaware of at the time the pleadings were filed. *Ackerman v. Roufa*, 584 S.W.2d 100, 103 (Mo.App.1979).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

Raymond Howard, St. Louis, for respondent-appellant.

Henry Thomas, Bell, Harris, Kirksey & Thomas, St. Louis, for petitioner-respondent.

CLEMENS, Senior Judge.

The trial court dissolved the parties' marriage in the wife's favor and the husband appeals. He contends the court decreed only a mere conclusion the marriage was irretrievably broken, and erred in failing to make a specific finding of the statutory ground, § 452.320 2.(1)(b).

The two cases cited by defendant do not support his claimed error. *In re Marriage of Capstick*, 547 S.W.2d 522[4] (Mo.App. 1977), the petitioner had no evidence of grounds under the cited statute. And in *Rojas v. Rojas*, 595 S.W.2d 729[4] (Mo.App. 1980), the parties conceded their marriage was irretrievably broken. Neither case is in point. Under the cited subsection the wife had to satisfy the court the husband so behaved that she could not be expected to live with him. This she did.

We note the statute's dual requirements: First, *the court* must make a finding as to

**Allyson Rose ALLMON, Petitioner-Respondent,**

v.

**Henry Montgomery ALLMON, Respondent-Appellant.**

**No. 43164.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 15, 1981.

vidual injured during the course of a team athletic competition cannot recover damages therefor from another participant if the latter has breached no recognized duty of care."

whether the marriage is irretrievably broken. Second, *the petitioner* must have satisfied the court she cannot be expected to live with respondent. The statute requires only one finding by the court.

Here, on evidence now unchallenged the court decreed "that there is no reasonable likelihood that the marriage between the parties can be preserved, and, therefore, this marriage is irretrievably broken".

Where one party denies a marriage is so broken, the other party must satisfy the court of one of the five statutory factors. The wife did this. Compare *In re Marriage of Dillon*, 559 S.W.2d 81[1] (Mo.App.1977). But the statute requires only that the court make a finding the marriage is irretrievably broken. "No express findings of the facts upon which that conclusion is based is required." *Nichols v. Nichols*, 538 S.W.2d 727[2] (Mo.App.1976).

We hold that after hearing the evidence here the court was required to, and did, make a finding of irretrievable breakdown. The court was not required, as the husband contends, to make express findings of facts upon which the court reached its conclusion.

Decree affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

**STATE of Missouri, ex rel., DIVISION OF FAMILY SERVICES, Assignee Diane Falloon Fryor, Assignor, Respondent,**

v.

**Gary FALLOON, Appellant.**

**No. 43561.**

Missouri Court of Appeals,
Eastern District.

Sept. 15, 1981.

---

Thomas J. Briegel, Union, for appellant.

Victoria S. Schwartz, Michael R. Henry, Child Support Enforcement Unit, Div. of Family Services, Jefferson City, for respondent.

REINHARD, Judge.

Husband appeals from an order of the trial court citing him for civil contempt and sentencing him to jail for failure to pay child support.

The parties' marriage was dissolved on May 20, 1975 with husband being ordered to pay wife child support. Thereafter husband became delinquent in his payments. An effort was made to have husband cited for contempt. After a show cause order had been issued a hearing was held on September 24, 1980. The court found that since August, 1978 husband had paid nothing for support of his children and was in arrears in the amount of $3,745.00; that he had the financial means to make the payments; that wife had made reasonable efforts to collect the support; that husband had wilfully and contumaciously refused to obey the court's continuing order. The