**William L. MILLER, Jr., Appellant,**

v.

**Marion E. MILLER, Respondent.**

No. 38097.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 14, 1977.

Justin C. Cordonnier, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for appellant.

Claude Hanks, Hanks, Taylor & Suddarth, Clayton, for respondent.

PER CURIAM.

Petitioner, husband, appeals from the judgment of dissolution of a marriage of 27 years. The court by its judgment made disposition of property awarding to respondent, wife, the home of the parties, the furniture remaining in the home and one of two automobiles. All other property, marital or separate, was awarded to the husband. The court awarded the wife $45,000.00 maintenance in gross, the custody of a 13 year old son with the sum of $50.00 per week as support. The court made an award of $6,150.00 as respondent's attorney fee with one-half to be paid by petitioner. Each of the parties were to pay one-half of the costs.

Petitioner appeals urging that under the Dissolution of Marriage Act, § 452.300–§ 452.415, the court may not make an award of maintenance in gross. Petitioner also contends there was no basis for an award of maintenance under § 452.335 1(1), (2).[1] He also complains that the award was excessive.

■ Before discussing petitioner's contention we consider respondent's contention that the appeal be dismissed because of the failure of petitioner to comply with Rule 84.04(c). There is some merit to this contention, however, respondent specifically adopted petitioner's statement of fact. Under the circumstances we will undertake to rule the case.

■ The authority of the trial court to award maintenance in gross has most recently been determined in the well reasoned opinion of Judge McMillian, in *D.E.W. v. M.W.*, 552 S.W.2d 280 (Mo.App. 1977).

■ Petitioner argues that because respondent was awarded the family home and because she has the skills and education to work, respondent is not entitled to maintenance. He argues that the house valued at $57,000.00 with an encumbrance outstanding has a net value of $35,000.00. At another point in his brief he gives a value of $30,000.00. However, there is also evidence from which the court could find that the net value was approximately $23,000.00. Petitioner also ignores completely the question of the reasonable needs of the respondent. We find no reference in the brief to the cost of maintenance of her household. Petitioner also ignores the cost of support for the child,[2] and petitioner's indebtedness.

When it comes to the reasonableness of the amount of the award to respondent, petitioner again makes no reference to respondent's needs, the standard of living of the parties, petitioner's income and financial resources, or the petitioner's ability to meet his needs while providing for respondent.

We have reviewed the transcript on appeal, the exhibits which were filed and the briefs of the parties. We cannot say that the judgment of the trial court was against the weight of the evidence, that it erroneously declares the law or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976).

---

1. "1. In a proceeding for nonretroactive invalidity, dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home."

2. The petitioner testified he would be willing to pay $400.00 to $450.00 per month for support, which is some evidence of the reasonable needs for the child. The court allowed respondent only $50.00 per week.

A detailed breakdown of the fact and figures which were before the trial court, which neither party delineates in their briefs, would be of no precedential value. Rule 84.16(b).

The judgment of the trial court is affirmed.

All Judges concur.