**Sharon L. GUMMELS, Respondent,**

v.

**William R. GUMMELS, Appellant.**

No. 38737.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 17, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Application to Transfer Denied
March 13, 1978.

Jeffrey S. Paull, St. Louis, for appellant.

Barnard & Baer, Michael C. Aufden-spring, Earle Leadlove, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff-wife Sharon Gummels sued to dissolve her marriage to defendant William Gummels. She asserted and he denied under oath that their marriage of eight years was irretrievably broken. After trial the court so found and decreed the marriage dissolved.

■ Defendant-husband appeals, contending only that considering all relevant factors, including the prospect of reconciliation, the evidence did not warrant a finding under § 452.320 2.(1)(b), RSMo. that he had behaved in such a way that his wife cannot reasonably be expected to live with him. We note that statute refers to a spouse's behavior—not misbehavior. It will suffice if the behavior of one spouse, combined with the attitude and behavior of the other, indicates a reasonable likelihood the marriage cannot be preserved.

■ Since "fault" is not determinative of whether the marriage should be dissolved (*Conrad v. Bowers*, 533 S.W.2d 614[5] (Mo. App.1975)), we must determine whether evidence of the parties' relationship warranted the trial court's finding that "there remains no reasonable likelihood that the marriage can be preserved and therefore the marriage is irretrievably broken." § 452.305 1.(2), and *Capstick v. Capstick*, 547 S.W.2d 522[1–3] (Mo.App.1977).

We consider the scope of our review. The defendant's only challenge is that there was insufficient evidence to support the trial court's conclusion the marriage was irretrievably broken. Our power to set aside the dissolution on that ground must be exercised with caution and we may do so only with a firm belief the decree is wrong. *Murphy v. Carron*, 536 S.W.2d 30[1–3] (Mo. 1976).

Defendant's only cited case on the merits is *In re Marriage of Mitchell*, 545 S.W.2d 313[4] (Mo.App.1977). There, a decree of dissolution was reversed where the plaintiff-husband's sole reason for his inability to live with his wife—without explanation—was his bald statement he no longer loved her. That case is distinguishable.

Here, there was evidence of the parties' deteriorating relationship and the waning of their affections for several years bearing on the factual issue of whether the plaintiff could reasonably be expected to live with defendant. She testified that only she disciplined their two children; that defendant usually consoled them and would not "back her up." Plaintiff also testified she and defendant were "unable to communicate"; that they could not "iron out our differences"; they couldn't live together, and she needed some peace of mind." Plaintiff testified these differences had existed for a long time, she no longer loved him and believed there was no likelihood the marriage could be preserved.

Defendant-husband testified his wife's complaints were "built out of all proportion" and concluded he did not believe their marriage was irretrievably broken.

By Rule 73.01(d), VAMR, we must on appeal defer to the trial court's opportunity to judge the parties' credibility. To reach its conclusion that the marriage was irretrievably broken, the trial court had to determine whether the conduct of the parties was such that they could not reasonably be expected to live together. We have before us only the printed record of the parties' words; in contrast, the trial court heard and saw the parties and could interpret the evidence in all its shades of meanings and assess the vital factor of their attitude toward each other. As we ruled in *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304[1–4] (Mo.App.1976): "On appeal of a court tried case, the appellate court does not function as a judicial second guesser . . . the trial court is in a better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be completely revealed by the record."

Granting that deference to the trial court, we conclude the evidence supported its finding that the parties' relationship was such that plaintiff could not reasonably be expected to live with defendant, and we find no reversible error in the court's conclusion that there remains no reasonable likelihood the marriage can be preserved and is irretrievably broken.

Decree of dissolution affirmed.

SMITH and McMILLIAN, JJ., concur.