**Dorothy H. STEFACEK,
Petitioner-Respondent,**

v.

**Eugene M. STEFACEK,
Respondent-Appellant.**

No. 39817.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 15, 1978.

---

2. § 115.527 *et seq.* RSMo Supp. 1977 (effective Jan. 1, 1978).

Thad F. Niemira, Dennis Kay, St. Louis, for respondent-appellant.

A. Michael Sullivan, Robert J. Albair, Sullivan & Watkins, St. Louis, for petitioner-respondent.

CRIST, Judge.

Marriage dissolved on the wife's petition.

Husband appeals, contending: (1) evidence was insufficient to support finding that marriage of parties was irretrievably broken, and (2) error in awarding custody of the children to the wife in the event dissolution of the parties is affirmed. We disagree.

Married in 1957 and separated April 4, 1974, the parties have six children, one of whom was emancipated at the time of the dissolution in October, 1977. Husband denied that the marriage was irretrievably broken under § 452.320(2), RSMo Supp.1975.

■ Wife had the burden of presenting evidence that one or more of the ultimate facts set out in § 452.320(2)(1)(a–e), RSMo Supp.1975, were present. Of the ultimate facts so enumerated, wife offered evidence as to two: (b) husband behaved in such a way that the wife could not reasonably be expected to live with him, and (e) husband and wife lived separate and apart for a continuous period of at least twenty-four months preceding the filing of wife's petition.

The trial court found that husband behaved in such a way that the wife could not reasonably be expected to live with him so that the marriage was irretrievably broken and there was no reasonable likelihood that the marriage could be preserved. The court made no finding regarding the twenty-four month separation as set out in § 452.-320(2)(1)(e), RSMo Supp.1975.

Wife testified that she could no longer live with husband because he had left her bedroom and began living separate and apart from her on April 4, 1974. There had been no sexual relations between them since he had moved into his own bedroom. He would not give her any spending money. He did not believe she was capable of handling money. He would not pay for the special needs of one or more of the children whereby she had to go to work to do so. He would insist that he have his own way with reference to the upbringing of the children. There was a complete lack of communication between them, for the reason that if she would not agree with him he would become silent, angry and walk away. He was more concerned about religious education than the special needs of the children. He did not want her to have her own key to the house. The relationship between them had been deteriorating for many years, and the environment in the home had been bad. She believed there was no likelihood that the marriage could be preserved.

■ Husband contradicted much of wife's testimony. He testified that the marriage could be preserved. Husband cites *In re Marriage of Mitchell*, 545 S.W.2d 313 (Mo.App.1976) as his sole authority. It is not necessary for us to set out the decisions dealing with the problem presented. We could not improve upon our opinion of *Gummels v. Gummels*, 561 S.W.2d 442 (Mo. App.1978), which we believe to be determinative. We conclude that we are unable to say there was no substantial evidence to

support the finding that wife cannot reasonably be expected to live with husband.

With reference to husband's contention that custody of the children should have been awarded to him, his brief of this point has preserved nothing for review, for the reason that it fails to cite any authorities and has no page references to the transcript. Rule 84.04(d), (h). However, for the reason that custody of children is involved, we have read the entire transcript, the exhibits, briefs and all cases cited and conclude that: the decree rendered by the trial court with reference to the custody and maintenance of the children was supported by substantial evidence and was not against the weight of the evidence, and that an opinion with reference thereto would have no precedential value. The decree with reference to the custody and maintenance of the children should be affirmed. Rule 84.-16(b). *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

CLEMENS, P. J., and SMITH, J., concur.