**Timothy Francis DAUS,**
**Defendant-Appellant,**

v.

**Dixie Kay DAUS, Plaintiff-Respondent.**

No. 40575.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 15, 1980.

**20**

Harvey I. Feldman, St. Louis, for defendant-appellant.

J. William Holliday, Kahoka, for plaintiff-respondent.

STEWART, Judge.

The husband in this appeal challenges the judgment of the trial court dissolving the marriage of the parties, granting custody of the minor child to the wife with limited visitation rights for the husband, ordering the husband to pay support for the child, and dividing the property of the parties. We affirm.

The parties were married in November, 1966 and separated in June, 1976. One child, a son, was born on May 25, 1974. During the marriage the wife was employed as a teacher at various school districts in the State of Missouri. The husband completed his college education during the marriage and taught at a Catholic school for nine months. He has not held any steady employment since that job terminated. The wife provided substantially all of the support for the family.

In addition to supporting the family the wife did the housework and raised the child. Husband was subject to emotional outbreaks and on a number of occasions struck wife with his fists and his open hand. At other times he was inattentive, was not helpful and was not solicitous of her well-being. He also threatened her life and that of members of her family. She felt that the marriage was irretrievably broken.

At the time of the trial the wife was employed in the Clark County School System at an annual wage of $9,800.00. Her contract had not been renewed for the ensuing year. Although she intended to find work she had no prospects at the time the case was tried. The husband was not employed.

During the marriage the parties acquired a six family dwelling in a restoration area in the City of St. Louis. This property was purchased for $3,000.00 and now has a value of approximately $10,000.00 to $15,000.00. The record was not clear, but it appears that the husband occupies one of the apartments and the other apartments are rented. The wife had paid the expenses such as taxes, insurance,[1] water and sewer charges and had made up any deficiency in the installment payments until the purchase loan was fully paid. The loan had been paid some time prior to the filing of this action. The rents have been retained by the husband.

The parties purchased a 141 acre farm in Clark County from family friends of the wife. They paid $14,500.00. Payments were made by the wife from her earnings. There is a balance due of approximately $4,500.00. The farm is primarily brush and forest land with only 19 tillable acres. Wife's father farms that portion that is tillable. The farm produces just about enough income to pay the taxes.

The parties also owned a 1973 automobile that was paid for out of the wife's earnings and was used by wife in going to work.

There was evidence that the husband had been under the care of two psychiatrists. There was no medical evidence presented and the nature and extent of his condition was not fully developed.

The trial court made full and perceptive findings of fact and conclusions of law to which we will make reference where it is appropriate.

1. The company had cancelled the insurance as of the time of trial.

■ Husband contends that the court erred in granting the dissolution because wife failed to prove the marriage was irretrievably broken. A review of the transcript and a consideration of the facts as set out above clearly demonstrated the court was warranted in making such a finding under the standard of review mandated by Rule 73.01–3. See *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). An extended discussion would have no precedential value. The legal issues have been fully explored in *Gummels v. Gummels*, 561 S.W.2d 442 (Mo.App.1978). Although inapposite here, see also *In re Marriage of Capstick*, 547 S.W.2d 522 (Mo.App.1977).

■ The court awarded custody of the minor child to wife and further provided that husband,

have the right to visit the child on alternate weekends, pending the further order of the Court in reference to this provision . . . on the following conditions, to-wit: (a) that he shall pick up the child at six o'clock on the evening of Friday and shall return the child by six o'clock p. m. on the evening of Sunday; (b) that during the period that he has the child he shall not remove the child from Clark County, Missouri; (c) that it be a specific condition in the exercise of his right of visitation that he be accompanied at all times during the period of visitation by one or both of his parents;

Husband contends that the conditions placed upon his right of visitation are unreasonable and constitute an abuse of the trial court's discretion. The primary consideration in matters affecting the minor child is the best interest of the child. § 452.375 RSMo (Supp.1973); *Smith v. Smith*, 544 S.W.2d 888, 894 (Mo.App.1976). The trial court saw and heard the parties. It undoubtedly believed that husband could be violent on occasion. It was witness to

the behavior of husband at trial[2] and in his findings made the comment that,

the respondent [husband] should be given the opportunity to visit with his son at least for a time in the immediate future until a further study can be made as to how that will work out. If the respondent [husband] continues to demonstrate in the presence of his son the emotional instability which he exhibited on the witness stand, it may very well be necessary to amend this portion of the order so as to deny him visitation privileges. But until that has been demonstrated as a reasonable probability, I will direct that respondent [husband] shall have the right to visit with his child . . . .

It is clear that the court in making its order properly considered the best interests of the child rather than the convenience of the parties.

The trial court found that the farm in Clark County, the six family dwelling, the 1973 Chevrolet automobile, furniture, household goods and wearing apparel were all marital property. The court then set apart to the wife the farm, the automobile and the furniture and household goods. It set apart to husband the six family dwelling in the City of St. Louis. The husband complains that this division of property is unequal and inequitable.

■ As we have said before, the trial court has considerable discretion in the division of marital property. The objective of the trial court is to make a just division. This does not mean that the division must be equal. We will not disturb the division of property made by the trial court absent abuse of its discretion. *Arp v. Arp*, 572 S.W.2d 232 (Mo.App.1978).

■ Considering the relevant factors[3] we cannot say that the court has abused its

---

2. After husband's direct examination he left the court room thwarting the cross-examination.

3. "(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live

discretion. The wife contributed almost all of the consideration for the marital property. Husband did some work on the city property. The wife in addition to working at her profession also did all the housework and took care of their child.

The farm has a value of approximately $28,000.00 and is encumbered to the extent of $4,500.00. It is undeveloped and unfenced and has only 19 acres that are tillable. It is located in the community where wife lives and near wife's family so that her father can work it to some extent and provide enough to cover the taxes and on occasion a little bit more.

The city property has a value of $10,000.00 to $15,000.00 and is unencumbered. It provides shelter for husband and income. The property is located in the community in which husband and his parents live.

The wife requires an automobile to travel to and between two schools in the school district in which she was employed at the time of trial. Her gross salary is slightly over $800.00 per month with which she must provide shelter and sustenance for herself and the larger portion of the support for the child.

There is evidence that husband has been under medical care, highly emotional and is unemployed. There is no evidence as to the extent of his condition, no evidence from which the trial court could say that he was unemployable, and no evidence of his needs. Husband has been managing the six family dwelling but he did not account for any sums collected. We also learn from husband's brief that he receives a pension from the Veterans Administration.

The evidence of husband's conduct toward wife as detailed in the first issue discussed would also mitigate in wife's favor.

We find that the trial court made a just division of the property of the parties.

The court assessed the costs of the actions against wife and made no award to either party for maintenance or attorney fees.

Husband claims that the trial court should have awarded him maintenance and attorney fees. As pointed out above there is no evidence of husband's needs, no evidence that he could not meet those needs, and no evidence that he is unable to pay his attorney fees. *Miller v. Miller*, 553 S.W.2d 482 (Mo.App.1977); *Gross v. Gross*, 557 S.W.2d 448, 455 (Mo.App.1977). The court did not err in failing to award husband maintenance and attorney fees.

The judgment of the trial court is affirmed.

KELLY, P. J., and SNYDER, JJ., concur.

---

therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage." § 452.330 RSMo (Supp. 1973)