**Carolyn YARBER, Respondent,**

v.

**Sherman YARBER, Appellant.**

**No. 43310.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 21, 1981.

Thomas B. Maloney, St. Louis, for appellant.

Northcutt Coil, Clayton, for respondent.

CRIST, Presiding Judge.

Marriage dissolution proceeding. Sherman Yarber (hereinafter "father") appeals from an order of child support and maintenance. We affirm in part and reverse in part.

The parties were married on April 1, 1967. Ten years later, after the birth of their daughter, the parties separated. On June 24, 1980, the marriage was dissolved. The order of the trial court awarded custody of the parties' minor child to Carolyn Yarber (hereinafter "mother"). Father was ordered to pay $47.00 per week for support of the minor child and $30.00 per week for two years as maintenance for mother.

Father first contends that the trial court erred in ordering him to pay child support in the sum of $47.00 per week. We disagree. The award of child support is a matter resting within the sound discretion of the trial court. We may not substitute our judgment for that of the trial court. *McKelvey v. McKelvey*, 585 S.W.2d 544 (Mo. App.1979). There is ample evidence in the record to support the award of child support. Section 452.340, RSMo. 1978. The trial court did not abuse its discretion in ordering father to pay $47.00 per week as child support.

Father next asserts error in the trial court's award to mother of $30.00 per week for a period of two (2) years as maintenance. We agree. The trial court's award specifically stated that the award of $30.00 per week was "maintenance for the purpose of assisting [mother] in her educational goals." The evidence reveals, however, that mother was employed by Washington University at a salary of approximately $10,000.00 per year. As a benefit of such employment, Washington University would pay one-half of the cost of any additional education. There was no testimony, at trial, relating to mother's living expenses. Although her combined statement of finances, income and expenses was filed with, and noted by, the trial court, it was not introduced into evidence. The mere filing of such statement did not render the contents thereof "substantial evidence" to support the trial court's judgment. Although mother correctly asserts that a copy of her financial statement was filed with her brief "by stipulation of the parties," we may not consider evidence which was neither admitted at trial nor incorporated in the transcript. *Abney v. Abney*, 575 S.W.2d 842, 844 (Mo.App.1978); *City of Jop-*

*lin v. Village of Shoal Creek Drive*, 434 S.W.2d 25, 28–9 (Mo.App.1968). The record, therefore, contains insufficient evidence of mother's need for maintenance. Section 452.335, RSMo. 1978; *Daus v. Daus*, 595 S.W.2d 19, 22 (Mo.App.1979).

That part of the judgment awarding mother $30.00 per week for a period of two years as maintenance for the purpose of assisting her in her educational goals is reversed. The judgment in all other respects is affirmed.

REINHARD and SNYDER, JJ., concur.