Malcolm Claude BUSCHER, Appellant,

v.

Norma Lee BUSCHER, Respondent.

No. 46451.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 11, 1983.

Donald Edward Gillihan, Farmington, for appellant.

John W. Reid, Fredericktown, for respondent.

CLEMENS, Senior Judge.

After 30-years of marriage husband Malcomb Buscher filed for dissolution, pleading his marriage to Norma Buscher was irretrievably broken. Her answer denied this and prayed for dismissal.

After trial the court filed its "Order of Dismissal". It contained three paragraphs (with the trial court's italics):

"12. The court would find based on the facts adduced in evidence that there is shown by a preponderance of the evidence that the behavior of the *Petitioner,* combined with the attitude and behavior of *Respondent,* indicates a reasonable likelihood that this marriage cannot be preserved.

"13. The court does *not* find by a preponderance of the evidence that the *Respondent* has behaved in such a way that the *Petitioner* cannot reasonably be expected to live with her.

"14. The marriage is therefore not found to be irretrievably broken."

Note that by paragraph 12 the court stated it "would" find the marriage could not be preserved. But by paragraphs 13 and 14 the court specifically negated the husband's claim the marriage was irretrievably broken. Pursuant to these last two paragraphs the court decreed dismissal of husband's cause.

We therefore disregard the decree's incongruous 12th paragraph and address husband's challenge to the decree's denial of dissolution.

By husband's first point here he relies on the trial court's statement in the aforesaid paragraph 12. We have held this was not the trial court's decree.

Instead, we consider husband's second point. Thereby he challenges the trial court's ruling (paragraph 14, supra) that the parties' marriage was not irretrievably broken. Husband argues this because the evidence failed to show he could be expected to resume their marriage relation. Wife responds that husband's evidence failed to

show she had so behaved that husband cannot be expected to live with her. We summarize the evidence upon which each party relies.

Husband testified: Wife told him his employment on the road "got to be too much"; that she was prone to nagging when menstruating; that she became hysterical when their unmarried daughter became pregnant; that there was a "serious lack of communication" between them, and some deterioration in their relationship.

In support of her contention the marriage was not irretrievably broken the wife testified: She and husband always showed affection for each other, and despite his recent adulteries they still had a "nice lovable life together", that she still liked his sexual advances and "I'd still love him. I don't love anybody else. I don't have anybody else, and I don't know that there ever will be anybody else for me."

As said, both parties cite the leading case of *Gummels v. Gummels,* 561 S.W.2d 442 (Mo.App.1978). Contrary to our case, in *Gummels* we affirmed the *granting* of dissolution. Nonetheless that case established principles relevant here. So read in converse the *Gummels'* court declared: (1) To affirm here we must determine whether the parties' testimony warranted a finding that there *is* a reasonable likelihood the marriage can be preserved. (2) Our finding to reverse must be exercised with caution and only in our firm belief the decree is wrong. (3) On appeal we must defer to the trial court's opportunity to judge the parties' credibility and in this we acknowledge "the trial court is in a better position not only to judge the credibility of the witnesses and the persons directly but also their sincerity and character and other trial intangibles which may not be completely revealed by the record."

Reviewing the denial of husband's plea for dissolution we hold the evidence warranted the trial court's decision the parties' marriage was not irretrievably broken.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.